**ILLINOIS FARMERS INSURANCE
COMPANY, a member of Farmers
Insurance Group, Appellant,**

v.

**TAPEMARK COMPANY, Respondent.**

**No. 48348.**

Supreme Court of Minnesota.

Nov. 17, 1978.

---

Jardine, Logan & O'Brien and Richard T. Dolezal, St. Paul, for appellant.

Cragg & Bailly and Robert L. McCollum, Minneapolis, for respondent.

Heard before SHERAN, C. J., and ROGOSHESKE, PETERSON, YETKA, and WAHL, JJ., and considered and decided by the court en banc.

YETKA, Justice.

Appeal by plaintiff Illinois Farmers Insurance Company, a member of Farmers Insurance Group, from an order of the Ramsey County District Court granting defendant Tapemark Company's motion for summary judgment, and from judgment entered on September 30, 1977.

On June 20, 1973, between 1 and 1:30 p. m., Peter D. Ochsner, salesman for defendant, drove a 1972 Chevrolet, owned by defendant and provided to Ochsner as a company car, to the Como Golf Course in St. Paul. Ochsner is not sure whether he had previously played at this course or, if he had, whether it was before or after the accident. Ochsner parked the car in the public parking lot across from the clubhouse. He opened the trunk of the car by pushing a trunk-release button located in-

side the glove compartment. He then got out of the car, removed his golf equipment from the trunk, tossed the car keys into the trunk, closed the trunk lid, and went to play golf. He left the car doors and the glove compartment unlocked. Whether Ochsner observed young people in the parking lot is in dispute. When Ochsner returned to the parking lot between 5 and 5:30 p. m., he found the car was missing. He called defendant and was told that the car had been reported as stolen and that it had been involved in an accident.

At approximately 5 p. m. of the same day, Joseph H. Rivard, plaintiff's insured, was driving west on Larpenteur Avenue in St. Paul. Approximately one-fourth to one-half mile east of Lexington Parkway, the 1972 Chevrolet owned by defendant turned left onto Larpenteur, forcing Rivard to move to the right. Rivard passed the car on the right and proceeded to the intersection of Larpenteur and Hamline where he came to a full stop at the stop sign. While Rivard was stopped at the stop sign, the defendant's car rammed into the rear end of Rivard's car, pushing it into the intersection. The defendant's car swung around Rivard's car on the left and went through the intersection. Rivard pursued the car in his own car, but lost the driver when the driver left the car on a side street and fled on foot. The driver of defendant's car has never been identified or apprehended. Rivard described the driver as in his late teens or early twenties, with a swarthy complexion and long red hair and wearing glasses, cut-off jeans, and a t-shirt. The keys to the car were found and returned to Ochsner.

The impact of defendant's car on Rivard's car caused the seat rails in Rivard's car to break loose, and Rivard was tossed around the inside of the car. As a result, Rivard suffered injuries to his lower back, right shoulder, and neck. Rivard was insured by plaintiff Farmers Insurance Company on the day of the accident and submitted a claim for his personal injuries under the uninsured motorist provision of his policy. Plaintiff settled with Rivard in the sum of $27,500 and commenced this action against defendant to recover that sum.

The legal issues raised on appeal are:

1. Did the trial court err in granting defendant's motion for summary judgment?

2. Did the trial court err in ruling that, as a matter of law, defendant could not be found liable?

3. Did violation of a St. Paul ordinance requiring the removal of keys from a motor vehicle when parked constitute negligence per se?

Rule 56.03, Rules of Civil Procedure, provides that summary—

"[j]udgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law."

In *Sauter v. Sauter*, 244 Minn. 482, 484, 70 N.W.2d 351, 353 (1955), this court stated:

"A motion for summary judgment may be granted * * * only if, after taking the view of the evidence most favorable to the nonmoving party, the movant has clearly sustained his burden of showing that there is no *genuine issue* as to any *material fact* and that he is entitled to judgment as a matter of law." (Footnotes omitted.)

On a motion for summary judgment, the court is to determine only whether a genuine issue of fact exists; it is not to resolve any factual issue. *Anderson v. Twin City Rapid Transit Co.*, 250 Minn. 167, 186, 84 N.W.2d 593, 595 (1957). A motion for summary judgment should be denied if reasonable persons might draw different conclusions from the evidence presented. Id. at 186, 84 N.W.2d at 595.

In the present case, defendant argues that the operative facts are not in dispute. Plaintiff argues that there are factual issues regarding negligence and proximate cause.

As a general matter, issues of negligence and proximate cause are questions

of fact and are not susceptible to summary adjudication. See, *Sauter v. Sauter, supra,* 244 Minn. at 486, 70 N.W.2d at 354; 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann. at 574. In an appropriate case, however, "where the material facts are undisputed and as a matter of law compel only one conclusion," *Sauter v. Sauter, supra,* 244 Minn. at 486, 70 N.W.2d at 354, summary judgment may be granted. In the present case, the principal fact in dispute is whether defendant's employee knew or should have known that young people frequented the parking lot where he left the car and that there had been problems with thefts and vandalism in the parking lot.[1] This is a genuine issue of fact in that reasonable persons could disagree on its resolution and its resolution depends to some extent on credibility of witnesses. Whether it is a material fact depends upon the law applicable to this case. It is material only if its resolution will affect the outcome of the case. 2 Hetland & Adamson, *supra,* at 571.

Even if there is no genuine issue of material fact, summary judgment is to be granted only if, as a matter of law, either party is entitled to judgment. Thus, in order to determine whether the trial court erred in granting defendant's motion for summary judgment, it is first necessary to determine the applicable rule of law.

Until recently, the general rule in this jurisdiction, and a majority of other juris-

dictions, had been that the negligent driving of a stolen car by a thief is an intervening efficient cause that interrupts the causation between the initial negligent act and the resulting injury. *State Farm Mutual Automobile Insurance Co. v. Grain Belt Breweries, Inc.,* 309 Minn. 376, 379, 245 N.W.2d 186, 188 (1976); Annotation, 45 A.L.R.3d 787 (1972). In *Grain Belt,* however, we recognized the trend of several courts to consider the peculiar facts of these cases and adopted the "special circumstances" rule:

> " * * * Special circumstances which impose a greater potentiality of foreseeable risk or more serious injury, or require a lesser burden of preventative action, may be deemed to impose an unreasonable risk on, and a legal duty to, third persons.

> * * * * * *

> " ' * * * [E]ach case must be considered on its own facts to determine whether the joint effect of them in toto justifies the conclusion that the foreseeable risk of harm imposed is unreasonable, and that the defendant owner or one in charge of a vehicle has a duty to third persons in the class of the plaintiffs to refrain from subjecting them to such risk.' " 309 Minn. at 380, 245 N.W.2d at 189, quoting *Hergenrether v. East,* 61 Cal.2d 440, 444, 39 Cal.Rptr. 4, 6, 393 P.2d 164, 166 (1964).[2]

---

1. There is also disagreement as to whether the keys left in the trunk of the car by Ochsner were actually used by the thief. Although resolution of this issue might affect a finding on proximate cause, it is not necessary to a finding of negligence.

2. The court found that the following facts could reasonably constitute "special circumstances": " * * * (a) the keys were left in a large beer truck on a Minneapolis street in an area of bars and an off-sale liquor store while the driver and his helper were having lunch, (b) the truck could not be seen by the employees from the place where they were lunching, (c) the driver knew the area was 'proportionately' high in hard drinking, (d) the thieves were two heavily intoxicated individuals, (e) the area is one recognized by the police as having a 'rather high crime rate,' and (f) the accident happened shortly after the theft while, so far as can be

determined from the evidence, the thieves were in flight." *State Farm Mut. Auto Ins. Co. v. Grain Belt Breweries, Inc.,* 309 Minn. 376, 381, 245 N.W.2d 186, 189 (1976).

These facts are similar to those relied upon by other courts applying the special circumstances rule. See, e.g., *Enders v. Apcoa, Inc.,* 55 Cal.App.3d 897, 127 Cal.Rptr. 751 (1976) (reversing summary judgment for defendant; defendant, owner of parking lot, required that patrons leave their keys in ignition to facilitate moving and in the past there had been several thefts of autos from defendant's lots); *Vining v. Avis Rent-A-Car Sys., Inc.,* 354 So.2d 54 (Fla.1977) (reversing dismissal of plaintiff's complaint; defendant left keys in ignitions of rental cars on airport lot); *Hill v. Yaskin,* 75 N.J. 139, 380 A.2d 1107 (1977) (reversing summary judgment for defendants; past problems at defendant parking lot with vandalism and

■ Although this court did not expressly overrule previous cases holding that the negligence of a thief is an intervening efficient cause relieving the owner of liability,[3] by adopting the special circumstances rule it shifted the emphasis of the inquiry to whether the negligence of the thief was reasonably foreseeable by the owner. This emphasis on foreseeability is consistent with other Minnesota cases finding a defendant liable for injury caused by the actions of a third party when the injury was a reasonably foreseeable result of the defendant's own negligent conduct.[4]

This approach is also consistent with that of other courts applying the special circumstances rule. These courts have generally focused on whether, given the particular circumstances, the theft of the car and the subsequent negligent operation of the car by the thief were foreseeable by the defendant.[5] See, e. g., *Enders v. Apcoa, Inc.*, 55 Cal.App.3d 897, 127 Cal.Rptr. 751 (1976) (the purpose of the special circumstances test is to establish that the tortious conduct was foreseeable to defendant); *Vining v. Avis Rent-A-Car Systems, Inc.*, 354 So.2d 54 (Fla.1977); *Hill v. Yaskin*, 75 N.J. 139, 144, 380 A.2d 1107, 1110 (1977); cf. *England v. Mapes Produce Co.*, 238 Cal.App.2d 120, 47 Cal.Rptr. 506 (1965) (applying the special

circumstances test, but finding no liability because behavior of thief was not foreseeable). As stated by a New Jersey appellate court—

" * * * basically the key to duty, negligence and proximate cause * * * is the foreseeability *vel non* to a reasonable man of an unreasonably *enhanced hazard*, when a motor vehicle is left unlocked in a public place with key in the ignition, of both the theft or misappropriation of the vehicle and an ensuing mishandling of it by the taker with death, injury or destruction of property of others lawfully using the highways as a result." *Zinck v. Whelan*, 120 N.J.Super. 432, 445, 294 A.2d 727, 734 (1972), cited with approval in *Hill v. Yaskin*, 75 N.J. 139, 144, 380 A.2d 1107, 1110 (1977).

■ The factors emphasized in *Grain Belt* also indicate that foreseeability is key to a defendant's liability. Three of the six factors listed in *Grain Belt* concerned the character of the neighborhood and defendant's knowledge of that character. See, 309 Minn. at 381, 245 N.W.2d at 189. Accordingly, the rule of law applicable in this case is as follows: If the defendant is aware or should be aware of circumstances that increase the probability that the car will be stolen, that the thief is likely to operate the

theft; defendant owner's car had been stolen previously; prevention would impose small burden on defendants); *Zinck v. Whelan*, 120 N.J.Super. 432, 294 A.2d 727 (1972) (reversing summary judgment for defendants; defendant owner's son left key in ignition in car parked on street in front of defendant's residence; court cited high incidence of thefts on residential streets). But see, *England v. Mapes Produce Co.*, 238 Cal.App.2d 120, 47 Cal.Rptr. 506 (1965) (emphasizing factor of character of persons in area of theft and finding that since migrant workers were not generally known as a group likely to steal trucks and operate them negligently, defendant need not take special precautions to prevent theft in migrant camp); *George v. Breising*, 206 Kan. 221, 477 P.2d 983 (1970) (affirming summary judgment for defendant; defendant owner of auto repair shop who left key in ignition of car parked on premises when he left for dinner not liable for subsequent negligent acts by thieves or their successor); *Dix v. Motor Mkt., Inc.*, 540 S.W.2d 927 (Mo.App.1976) (affirming dismissal for failure to state a cause of action; allegations that

other autos have been stolen in the immediate vicinity and that thieves are likely to drive negligently not sufficient to establish special circumstances or special relationship).

**3.** *Kalberg v. Anderson Bros. Motor Co.*, 251 Minn. 458, 88 N.W.2d 197 (1958); *Anderson v. Theisen*, 231 Minn. 369, 43 N.W.2d 272 (1950); *Wannebo v. Gates*, 227 Minn. 194, 34 N.W.2d 695 (1948).

**4.** See, *Fischer v. Market Ford Sales, Inc.*, 302 Minn. 301, 225 N.W.2d 370 (1974) (defendant car dealer did not ask potential buyer who took car for test drive if he had a valid driver's license); *Jacobs v. Draper*, 274 Minn. 110, 142 N.W.2d 628 (1966).

**5.** Some courts focus on proximate cause rather than foreseeability. These courts generally find that the thief's negligent conduct is an independent intervening act of negligence that cuts off the liability of the defendant. See, e.g., *George v. Breising*, 206 Kan. 221, 477 P.2d 983 (1970).

car negligently, and that consequently injury or damage to a third party will result, the defendant is under a duty to act so as to prevent the theft and such injury or damage.

In the present case, plaintiff argues that the adoption of the special circumstances test makes a summary judgment inappropriate because there are factual issues that should be brought out at trial. Defendant argues that *Grain Belt* only creates an exception to the general rule and that only if the facts of this case fall within the type of peculiar fact pattern present in *Grain Belt* should the exception apply.

 Whether the *Grain Belt* holding is an exception to the general rule or a new rule is substantively unimportant. In either case liability will be imposed only if special circumstances creating a greater potential of foreseeable risk or more serious injury are present.

This court said that the holding in *Grain Belt* did—

" * * * not imply that all such cases involving the negligent driving of a thief must be submitted to the jury. We hold only that the trial court must consider the facts of each case and determine whether, in its judgment, those facts constitute such special circumstances that a jury could reasonably find that the negligent act of leaving keys in the vehicle directly caused the injury." 309 Minn. at 381–82, 245 N.W.2d at 189–90.

The *Grain Belt* case involved an appeal from the granting of motion for judgment notwithstanding the verdict to the defendants. Although the language quoted above appears primarily to define the trial court's role in ruling on such motions or on motions for directed verdict, the last paragraph of the opinion quotes from *Mezyk v. National Repossessions, Inc.*, 241 Or. 333, 340, 405 P.2d 840, 843 (1965), in which the Oregon Supreme Court, relying on *Hergenrether*, reversed the trial court's decision sustaining defendant's demurrer, stating:

" 'We are not holding that in every instance a defendant who leaves his keys in the car is liable to a third person injured by a negligent thief of such car. We are holding that the plaintiff should have the opportunity [under the facts of this case as alleged by plaintiff] to proceed to trial and introduce evidence, if she can, of circumstances which may permit the jury to find that the defendant should have known by leaving its keys in its car that there was a reasonable likelihood that a careless thief would steal its car and then would negligently drive away.' " 309 Minn. at 382, 245 N.W.2d at 190.

The implication of this reference to the Oregon decision is that the plaintiff should be given the opportunity to present his evidence to a trier of fact. Because granting summary judgment to the defendant deprives a plaintiff of that opportunity, where there is a genuine issue as to the existence of special circumstances, summary judgment for the defendant is inappropriate.

In order to decide whether summary judgment was appropriate in this case, it is necessary to determine whether there is a genuine issue regarding facts material to finding special circumstances. There appear to be three such material facts in dispute: the character of the neighborhood; Ochsner's knowledge of the character of the neighborhood; and the availability of the keys.

 Plaintiff argues, relying primarily on the affidavit of the clubhouse manager of the Como Golf Course, that because of the presence of young people in the golf course parking lot, Ochsner should have known that there was a risk that the car would be stolen and should have taken precautions to prevent the theft. The evidence submitted is contradictory as to whether there were young people loitering in the parking lot on the day of the accident and whether, if there were, Ochsner noticed them. Although the clubhouse manager states that there have been reports of thefts and other acts of vandalism in the

parking lot,[6] whether Ochsner was or should have been aware of such a problem is yet to be determined.[7] Absent evidence that the character of the people in the parking lot was such that a reasonable person would have been made aware that there was a greater potentiality that, by leaving the keys in the car, the car would be stolen and, if stolen, operated negligently, special circumstances imposing liability on the defendant do not exist. *England v. Mapes Produce Co., supra.* But because reasonable persons might differ as to whether the evidence allows one to conclude that young people were present in the parking lot, that their presence created a foreseeably greater potentiality that the car would be stolen and, if stolen, would be operated in a negligent manner and cause injury to a third party, and that, given this greater potentiality of foreseeable risk, Ochsner acted negligently, summary judgment should not have been granted.

▬ In contrast to the other cases in which the special circumstances test has been applied, in the present case the keys were left, not in the ignition, but in the trunk. Plaintiff argues that this fact "is of no moment, because, for all practicable purposes, the key was readily available, a mere push-button away to one who observed Mr. Ochsner park his car and open the trunk lid." Defendant, on the other hand, argues that "[a] multi-step effort would have to be completed by a thief in order to finally observe or ultimately obtain the ignition keys." The rationale for imposing liability in the key-in-ignition cases appears to be that the visibility of or ready access to keys left in the ignition of a car invites theft.[8] Although it is possible in the present case that only someone who actually observed Ochsner's opening of the trunk by using the button in the glove compartment and his tossing the keys into the trunk or someone who knew that the car was equipped with the trunk-opening mechanism would be likely to find and use the keys, reasonable persons could infer from the existing evidence that it was reasonably foreseeable that Ochsner's placing the keys in the trunk of the car (with the car and the glove compartment unlocked) created an unreasonable risk that the car would be stolen, that the thief would negligently operate the car, and that the negligent operation would result in injury. Thus, summary judgment was improperly granted.

▬ Plaintiff argues that violation of St. Paul Leg.Code § 144.10, providing that no one shall leave a motor vehicle unattended on an unattended parking lot without removing the key and taking it with him, should be negligence per se or prima facie negligence. The St. Paul ordinance expressly provides that violation of the ordinance shall not "have any * * * bearing in any civil action." To support his

---

6. The affidavit of the clubhouse manager was taken in September 1977; he had become clubhouse manager in 1972; the incident in question here occurred in June 1973. The manager does not speak specifically to the problem as it existed in 1973. He merely says that "the unlawful conduct and activities * * * was [sic] a serious problem when he became clubhouse manager in 1972 and continues [sic] to be a serious problem." Such general statements may be insufficient to establish that the parking lot area was the type of area that would alert a car owner to a high probability of theft, but they do raise a factual issue appropriate for resolution by a jury.

7. Ochsner cannot remember if he had played golf at the Como Golf Course prior to the date in question. If this was his first visit, it may be unlikely that the mere presence of people in the parking lot would have been sufficient for him to foresee a high probability that the car would be stolen. But this is an inference to be drawn by a trier of fact.

Some courts have relied on statistical studies to conclude that there is generally a high risk that a car will be stolen when the key is left in the ignition. This conclusion appears to be based on considerations of public policy, e.g., that liability should be imposed when the burden of removing keys from the car is minimal compared to the gravity of the possible injury to an innocent third party. See, e.g., *Zinck v. Whelan,* 120 N.J.Super. 432, 440–50, 294 A.2d 727, 731–36 (1972).

8. Cf. *Gaither v. Myers,* 131 U.S.App.D.C. 216, 220, 404 F.2d 216, 220 (1968) (reasoning that a key left in the tailgate of a station wagon violates a traffic regulation requiring removal of the key from a parked car since key was still "in plain view").

position, plaintiff cites cases construing ordinances that similarly prohibit leaving the key in the ignition of a parked car, but that do not contain the exclusionary language. Courts construing statutes with the exclusionary provision have generally found specific legislative intent to preclude use of a violation as evidence in a civil action. See, *Dix v. Motor Market, Inc.*, 540 S.W.2d 927, 930–31 (Mo.App.1976); cf. *Richards v. Stanley*, 43 Cal.2d 60, 271 P.2d 23 (1954) (legislature did not intend ordinance to benefit persons in plaintiff's class). Although the purpose of the ordinance may be to promote the safety of those using the public streets, we would be disregarding the clear language of the ordinance if we declared that its violation is negligence per se. Nevertheless, the passage of the ordinance indicates that the governing body of the city of St. Paul recognizes the danger of leaving ignition keys in a parked, unlocked car. That such danger exists and has been addressed by a legislative body may be considered by the jury in determining whether Ochsner should have foreseen that leaving the keys in the trunk created a risk to those using the public streets.

Because there are genuine disputes about facts relevant to finding the existence of special circumstances, the granting of summary judgment in this case was inappropriate. As the New Jersey Supreme Court stated in *Hill v. Yaskin, supra* :

> " * * * Once we acknowledge *conceptually* the existence of a duty predicated on foreseeability of an increased hazard of theft and subsequent mishandling of an automobile, it should then become the jury's task to determine whether under the facts of this case that duty was violated by defendant * * *.

> "To be more specific, we would anticipate that at some point in the trial defendant * * * would be interrogated about her awareness of the unsavory character of the neighborhood in which she parked her vehicle and about her knowledge of any previous acts of vandalism. * * * The trial judge would, at the appropriate time, instruct the jurors that they should consider whatever

information might be elicited in response to such questions, together with all other evidence on the subject, including defendant['s] awareness of and acquiescence in the *modus operandi* of the lot and her possession of an extra set of keys, in determining whether she should have foreseen that her conduct unreasonably enhanced the hazard of theft of her automobile, thus amounting to a breach of her duty." 75 N.J. 147, 380 A.2d at 1111.

In the instant case, plaintiff should be permitted to offer evidence tending to establish that young persons did frequent the Como Golf Course parking lot and were present on the day of the accident and that the parking lot was known to be a location for incidents of theft, especially of automobiles, and of vandalism. Ochsner should be questioned regarding his observance of young people in the parking lot on the day he left the car there and his knowledge of past incidents of theft and vandalism in the parking lot. The jury should be instructed to consider the information thus presented and all other evidence, including the location of the keys, and to determine whether Ochsner, under the circumstances, should have foreseen that his conduct created a greater risk that the car would be stolen and, if stolen, would be driven negligently.

The case is thus reversed and remanded to the trial court.