Eugene H. OLSON, et al., Appellants,

v.

ILLINOIS FARMERS INSURANCE CO., et al., Respondents.

No. C7–86–459.

Court of Appeals of Minnesota.

Aug. 5, 1986.

Joan Bettenburg, Bertie, Bettenburg, Jacobs & Bettenburg, St. Paul, for appellants.

Eric J. Magnuson, Brian A. Wood, Mary C. Cade, Rider, Bennett, Egan & Arundel, Minneapolis, for respondents.

Heard, considered and decided by RANDALL, P.J., and LANSING and HUSPENI, JJ.

## OPINION

LANSING, Judge.

Eugene Olson brought this action to reform an insurance policy to provide underinsured coverage after his daughter was severely injured in an automobile accident. Illinois Farmers stipulated for purposes of summary judgment that it breached a tort duty owed to Olson to explain and offer underinsured coverage. The trial court granted summary judgment to the insurer, reasoning that the failure to explain underinsured coverage did not cause Olson's failure to purchase it as a matter of law, because Olson did not purchase the coverage for several years after becoming aware of its purpose. Olson appeals; we reverse and remand for trial.

## FACTS

In 1977 Eugene Olson purchased automobile insurance from Illinois Farmers through insurance agent Reese Pfeiffer. The policies did not include underinsured motorist coverage. At the time Minn.Stat. § 65B.49, subd. 6 (1976), required insurers to make a mandatory offer of underinsured motorist coverage. The legislature repealed the mandatory offer of underinsured coverage effective April 12, 1980. *See* 1980 Minn. Laws ch. 539 § 7.

On July 11 and July 19, 1980, Olson received renewal notices from Illinois Farmers. The renewal notices did not explain or offer underinsured coverage. Olson renewed the policies.[1]

On October 5, 1980, Olson's 16-year-old daughter Jill sustained serious injuries, including brain damage and paraplegia, as a result of an automobile accident in which she was a passenger. Olson brought suit seeking reformation of the Illinois Farmers policies on the basis that he did not receive the offer mandated by § 65B.49, subd. 6. In July 1984 plaintiffs amended the complaint to state a cause of action in negligence, alleging that defendants negligently failed to inform, explain, offer or recommend underinsured coverage to Olson.

In August 1984 the Minnesota Supreme Court ruled in *Hauer v. Integrity Mutual Insurance Co.*, 352 N.W.2d 406 (Minn. 1984), that there is no statutory cause of action for failure to offer underinsured motorist coverage if the policy was renewed after repeal of the statute and before the accident. The parties agree that after *Hauer* only the negligence action survives.

Olson remained insured through Illinois Farmers until the summer of 1984, when he purchased coverage from State Farm Insurance Co.[2] Olson did not purchase underinsured coverage from Illinois Farmers after the accident, and he did not purchase underinsured coverage from State Farm until April 1985.

Illinois Farmers moved for summary judgment. At the motion hearing the company stipulated for purposes of the motion that it owed Olson a duty in tort to adequately explain and offer underinsured coverage, it breached that duty, and Olson suffered damage as a result. The only issue presented to the trial court was causation: Illinois Farmers argued that its failure to explain underinsured coverage did not cause Olson's failure to purchase it as a matter of law, because Olson did not obtain the coverage for more than four years after becoming aware of it. The trial court agreed and ordered summary judgment to Illinois Farmers. Olson appeals from the judgment.

## ISSUE

Is there a genuine issue of material fact as to whether Olson would have purchased

---

1. In July 1980 Olson had liability and uninsured limits on his Illinois Farmers policy of $50,000/$100,000 (double the statutory minimum).

2. Olson insured four vehicles with State Farm. Two of them had liability and uninsured limits of $100,000/$300,000; the other two had minimum limits ($25,000/$50,000) of coverage because the drivers, Olson's teen-age children, were paying their own premiums.

underinsured coverage if Illinois Farmers had adequately explained and offered it?

## ANALYSIS

On a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Illinois Farmers Insurance Co. v. Tapemark Co.*, 273 N.W.2d 630, 633 (Minn.1978). A motion for summary judgment should be denied if reasonable persons might draw different conclusions from the evidence presented. *Id.* Generally, issues of negligence and causation are questions of fact and are not susceptible to summary adjudication. *Id.* at 633–34. The principal fact in dispute is inferential—whether Olson would have purchased underinsured coverage if Illinois Farmers had explained and offered it to him.

The memorandum accompanying the trial court's order for summary judgment says:

> * * * Plaintiff Eugene Olson is essentially claiming that if the insurance agent had offered him optional coverage at the price available, he would have purchased it. That was in 1981. In April of 1985, Plaintiff Eugene Olson finally purchased underinsured motorist coverage. That was over a month after his deposition was taken. During 1981, after the accident (approximately November 1981), the Plaintiff's attorney * * * stated that she explained to Eugene Olson what underinsured motorist coverage was. Yet for 40 months or over 3 years, Plaintiff did not act upon his knowledge. * * * *The Defendants' inaction is not as a matter of law or common sense a substantial and an actual factor in bringing about or even explaining the Plaintiff's failure to use ordinary prudence.*

(Emphasis added). The trial court thus held as a matter of law that Olson would not have purchased the coverage and that Olson was negligent in failing to purchase it. There was no issue of Olson's negligence before the court.

In deposition testimony Olson said he was unsure whether he had purchased underinsured coverage when he switched to State Farm. He submitted an affidavit in opposition to the summary judgment motion, in which he stated that he did not purchase underinsured coverage from Illinois Farmers because he understood this lawsuit had been brought to reform his policy to require such coverage; when he switched to State Farm, he said the subject of underinsured coverage did not come up.

Illinois Farmers claims Olson's failure to purchase underinsured coverage for a substantial period after the accident gives rise to the inference that he would not have purchased it before the accident. Olson claims his selection of higher than minimum limits before and after the accident gives rise to the inference that, had anyone explained the purpose and cost of the coverage, he would have purchased it. In any event, the inferences conflict. The resolution of the conflict is for the trier of fact.

## DECISION

The trial court erred in granting summary judgment to Illinois Farmers. The factual inferences in the record conflict and do not, as a matter of law, compel only one conclusion.

Reversed and remanded.