Eid Hassan **ABO EL ELA, Appellant,**

**v.**

**STATE of Minnesota, Respondent.**

**No. C0–90–2509.**

Court of Appeals of Minnesota.

April 23, 1991.

Richard P. Clem, Clem & Crosby, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., James S. Alexander, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by DAVIES, P.J., and LANSING, and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The trial court granted summary judgment to respondent State of Minnesota based on discretionary immunity and on its ruling that appellant's negligence superseded the state's negligence as a matter of law. We reverse and remand for trial.

## FACTS

On January 24, 1989, at approximately noon, appellant Eid Hassan Abo El Ela was traveling in his automobile on a four-lane northbound section of I–94 in north Minneapolis. A Minnesota State Patrol speed enforcement aircraft clocked appellant's vehicle traveling at an unlawful speed and radioed this information to state highway troopers parked on the freeway's right shoulder north of appellant's approaching vehicle. The troopers were doing routine air-ground speed enforcement. A trooper pointed with his arm at appellant's vehicle as it approached in the far left lane and, using arm and hand gestures, motioned appellant to stop and pull over onto the right shoulder. Appellant stopped in the far left lane, but did not cross the remaining three lanes to pull over onto the right shoulder; nor did he avoid danger by moving onto the left shoulder, which would have contradicted the movement indicated by the officer. Approximately eight to ten seconds later, another vehicle struck appellant's vehicle from the rear. A passenger in appellant's car was killed and appellant was injured.

Appellant brought a personal injury action against respondent State of Minnesota, claiming that the hand signaling method used to stop his vehicle was negligent. Respondent moved for summary judgment, arguing that the hand signaling method of stopping motorists was protected by discretionary immunity under Minn.Stat. § 3.736, subd. 3(b) (1988). In support of its motion, respondent offered affidavits stating that hand and arm gesturing is a standard method of traffic enforcement on interstate highways in Minnesota. However, the affidavit of Kenneth Kammen, the chief pilot of the Minnesota State Patrol's Flight Section, stated that in 5–10 percent of the stops made during air-ground speed enforcement, the stop is made using a method other than hand and arm gestures. Respondent also offered a copy of a Minnesota State Patrol lesson plan which outlined the method to be used to stop motorists during air-ground speed enforcement. The plan states that the "[t]rooper (traffic permitting) directs [the] violator off the highway, usually in front of the squad car."

The trial court granted respondent's motion for summary judgment, ruling that the trooper's actions in stopping appellant's vehicle were protected by discretionary immunity. The trial court also ruled that appellant's negligence exceeded any possible negligence of respondent as a matter of law.

## ISSUES

1. Were respondent's acts within the scope of discretionary immunity?

2. Was any possible negligence of respondent superseded by appellant's negligence as a matter of law?

## ANALYSIS

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law." Minn.R.Civ.P. 56.03. On appeal from a summary judgment, the appellate court must determine whether there are any issues of material

fact and whether the trial court erred in applying the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

### 1. *Discretionary immunity.*

Under Minn.Stat. § 3.736, subd. 3(b) (1988), the State of Minnesota cannot be held liable for losses caused "by the performance or failure to perform a discretionary duty, whether or not the discretion is abused." Discretionary immunity is based on the doctrine of separation of powers; on the "notion that the judicial branch of government should not, through the medium of tort actions, second-guess certain policy-making activities that are legislative or executive in nature." *Nusbaum v. Blue Earth County,* 422 N.W.2d 713, 718 (Minn. 1988).

Although "almost every act involves some measure of discretion," not every act is entitled to immunity. *Cairl v. State,* 323 N.W.2d 20, 23 (Minn.1982). Government conduct is protected only where the state proves that the conduct was of a policymaking nature, involving a balancing of social, political, or economic considerations. *Nusbaum,* 422 N.W.2d at 722. Discretionary immunity normally does not extend to the implementation of policy; although implementation usually requires professional or scientific judgments, it does not require the balancing of policy factors. *Holmquist v. State,* 425 N.W.2d 230, 234 (Minn.1988). Thus, for example, the decision of animal control officers to delay capturing a stray dog was not protected because it required professional judgment but was not a policymaking decision. *Hansen v. City of St. Paul,* 298 Minn. 205, 211–12, 214 N.W.2d 346, 350–511 (1974). Because the trooper here was implementing state policy on stopping motorists and was not engaged in policymaking, the summary judgment on immunity was inappropriate.

Respondent contends that the trooper who signaled appellant to stop was merely following the protected statewide policy of hand signaling during air-ground speed enforcement. Respondent proposes that this action is protected because the hand signaling authorized by state policy does not require troopers to exercise professional or scientific judgment.

On the record here, summary judgment on this basis is unwarranted. One of respondent's affidavits admits that 5–10 percent of air-ground speed enforcement stops are made using a method other than hand signaling. The state patrol lesson plan indicates that troopers are to use hand signaling to direct vehicles only when traffic permits. This evidence permits a conclusion that state highway troopers are expected to employ technical knowledge and professional judgment to decide if hand signaling is safe to use under particular circumstances.

Under some circumstances an implementation decision may be protected. First, the implementation itself may involve policymaking. *Holmquist,* 425 N.W.2d at 234 (citing *United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 819–20, 104 S.Ct. 2755, 2767–68, 81 L.Ed.2d 660 (1984)). Second, immunizing the implementation of the policy may be essential to avoid interference with government policymaking. *See Cairl,* 323 N.W.2d at 23–24. Here, the record suggests that the only considerations left to the officer in deciding whether to use hand signaling were safety considerations. Decisions based on safety alone are not protected. *Nusbaum,* 422 N.W.2d at 721; *see also Pletan v. Gaines,* 460 N.W.2d 74, 77 (Minn.App.1990) (in spite of public need to protect police performance, immunity inapplicable to officer's judgment on safety needs while implementing department policy on motor vehicle chases), *pet. for rev. denied* (Minn. Nov. 1, 1990).

### 2. *Superseding negligence as a matter of law.*

The trial court also ruled that any negligence of the trooper was superseded by appellant's negligence in failing to move from his lane of traffic onto the shoulder. Because negligence involves standards of reasonableness and causation uniquely suited for jury consideration, questions of

negligence are usually inappropriate for summary judgment. *See Illinois Farmers Ins. Co. v. Tapemark Co.*, 273 N.W.2d 630, 633–34 (Minn.1978); *Teas v. Minneapolis Street Ry. Co.*, 244 Minn. 427, 434, 70 N.W.2d 358, 363 (1955) (negligence to be determined as a question of law "only in the clearest of cases"). The trial court may enter a summary judgment on the issue of negligence when the material facts are undisputed and as a matter of law compel only one conclusion. *Sauter v. Sauter*, 244 Minn. 482, 486, 70 N.W.2d 351, 354 (1955).

■ Here, the facts do not compel a conclusion that appellant's negligence would supersede respondent's negligence. A state highway trooper appeared suddenly before appellant on the shoulder of a high speed freeway and attempted to direct appellant to cross three lanes of traffic and stop his vehicle. Arguably, the trooper should foresee that a motorist may simply stop because of the surprise and confusion prompted by this type of traffic stop, and that an accident may occur as a result. A jury could reasonably determine that the driver's action, even if negligent, was a foreseeable consequence of the trooper's conduct.

## DECISION

The trial court erred by granting respondent's motion for summary judgment.

Reversed and remanded.