**Darcy J. KEITH, Plaintiff–Appellant,**

v.

**Anthony M. VALDEZ and Keystone Resorts Management, Inc., Defendants–Appellees.**

**No. 95CA1223.**

Colorado Court of Appeals, Div. II.

Feb. 20, 1997.

Zapiler & Associates, Edward W. Holub, Steven M. Zapiler, Denver, for Plaintiff–Appellant.

Norman & Mirabella, P.C., Michael J. Mirabella, Lakewood, for Defendant–Appellee Anthony M. Valdez.

Long & Jaudon, P.C., Alan D. Avery, Michael S. Drew, Denver, Colorado, for Defendant–Appellee Keystone Resorts Management, Inc.

Opinion by Judge TAUBMAN.

In this personal injury action, plaintiff, Darcy Joan Keith, appeals from a judgment entered upon a motion for directed verdict in favor of defendants, Anthony Manuel Valdez and Keystone Resorts Management, Inc. (Keystone). We reverse and remand.

On December 21, 1990, Valdez, a Keystone employee, was driving a van owned by Keystone which he had taken without permission. Valdez was intoxicated and collided with Keith's vehicle. Keith alleges that she suffered severe neurological injuries as a result of the accident.

Keith filed a claim for uninsured motorist coverage with her insurer. To comply with the statute of limitations, she also filed a personal injury complaint in district court against Valdez and Keystone on December

17, 1992. On June 15, 1993, the trial court dismissed the claims against Keystone without prejudice. Keith and Valdez subsequently stipulated to a dismissal of the case without prejudice.

On December 20, 1993, Keith filed a second complaint which initiated the action that is the subject of this appeal. In January 1994, Keystone moved to dismiss the complaint on the ground that the refiling was merely "judge shopping" and an attempt to circumvent the dismissal of Keystone in the previous action. The trial court denied the motion in May 1994 on the grounds that Keystone had been dismissed without prejudice from the previous action and that Keith had not acted in bad faith. In June 1994 trial was set for June 5, 1995.

Keith's attorney withdrew in November 1994 but promised Keith that he would file a disclosure certificate which was due on December 9, 1994. Accordingly, a disclosure certificate which had been signed by his paralegal was timely filed. Defendants filed motions to strike the disclosure certificate on the ground that it had not been signed by an attorney or a party and, therefore, violated C.R.C.P. 11 and 16 C.R.C.P. They also moved to dismiss for failure to prosecute.

In February 1995, the court denied the motion to dismiss for failure to prosecute because a trial date had been set, but granted the motion to strike the disclosure certificate. In April 1995, the trial court denied Keith's subsequent *pro se* motions for "reconsideration of the motion [to accept] her disclosure certificate" and for leave to file amendments to her disclosure certificate. In May 1995 it granted defendants' motion to strike a supplemental disclosure certificate filed and signed by Keith.

Subsequently, Keith secured new counsel, and a trial was held on June 5, 1995. However, because Keith's disclosure certificate had been stricken, she was not permitted to call any witnesses other than Valdez and herself. At the end of Keith's case, the trial court granted motions for directed verdict in favor of defendants. This appeal followed.

## I.

■ Keith first contends that the trial court abused its discretion when, as a sanction for failing to sign her pretrial disclosure certificate, it limited the witnesses she could call at trial to Valdez and herself. We agree.

The purposes of discovery and pretrial procedural rules include the production of all relevant evidence, the elimination of surprises at trial, the simplification of issues, and the encouragement of fair and just settlements. *See* 12 D. Knapp, *Colorado Civil Procedure Forms and Commentary* § 26.1 (1996). The purpose of the disclosure mandated by former C.R.C.P 16 is to provide parties with adequate time to prepare by obtaining relevant evidence to prevent trial by ambush and surprise. *J.P. v. District Court,* 873 P.2d 745 (Colo.1994).

■ Sanctions for failure to comply with disclosure rules are applied at the discretion of the trial court and should not be disturbed absent an abuse of discretion. In imposing sanctions pursuant to discovery violations, however, the trial court should exercise informed discretion in imposing a sanction which is commensurate with the seriousness of the disobedient party's conduct. Severe sanctions such as issue or witness preclusion should only be invoked when there has been serious misconduct by the party seeking modification of the pretrial order. *J.P. v. District Court, supra.*

■ A court abuses its discretion if its decision is manifestly arbitrary, unfair, or unreasonable. Therefore, if the trial court's actions substantially tip the balance in an effort to avoid prejudice and delay and thereby unreasonably deny a party his or her day in court, the reviewing court must overturn the decision of the trial court. *J.P. v. District Court, supra.*

When Keith filed her disclosure certificate, C.R.C.P. 16(a) required that the certificate be signed in conformance with C.R.C.P. 11. C.R.C.P. 11 requires the signature of an attorney of record for the filing party or, if unrepresented, the signature of the party.

Here, Keith's disclosure certificate was due on December 9, 1994. Her first attorney

moved to withdraw on November 10, 1994, and the court allowed the withdrawal on November 28, 1994. Her first attorney had assured her, however, that he would file the disclosure certificate on her behalf.

Accordingly, on December 9, 1994 plaintiff's disclosure certificate was filed. It was accompanied by a cover letter on her former attorney's letterhead which stated that "this filing does not constitute a re-entry of appearance by [counsel], but is performed for Ms. Keith as a courtesy while she retains other counsel." The letter and disclosure certificate were signed by the attorney's paralegal. The disclosure certificate also contained the notation "for Darcy Keith appearing pro se."

Under these circumstances, the disclosure certificate was filed timely and contained the information required by C.R.C.P. 16. While we do not condone the signing of the disclosure certificate by the former attorney's paralegal and not by Keith, defendants did not suffer any prejudice as a result of the improper signing of the certificate since the filing served its purpose of timely informing them of the evidence that Keith intended to present at trial.

In addition, we note that Keith made various efforts to file a properly signed disclosure certificate. Specifically, while acting *pro se,* she moved for reconsideration of the motion to strike the disclosure certificate and filed a properly signed disclosure certificate which was virtually identical to the stricken disclosure certificate. The trial court, however, struck this certificate as well.

Under these circumstances, the severe sanction of witness preclusion imposed by the trial court, which denied Keith the opportunity to present relevant evidence, was not commensurate with Keith's conduct. Accordingly, we conclude that the trial court abused its discretion in imposing the sanctions, and thus, reversal of the judgment is required.

In reaching this conclusion, we reject defendants' assertion that they have suffered prejudice because of Keith's litigation tactics here and in her previously dismissed action. Specifically, they assert that the refiling of this previously dismissed lawsuit represents little more than "judge shopping" and an attempt to circumvent the dismissal of Keystone in the previous suit, and that they relied on Keith's former counsel's representations that if Keith was able to collect uninsured motorist coverage from her insured she would dismiss the case. They also assert that the sanctions imposed were for a course of improper conduct in this case and the previously dismissed action.

However, these contentions were considered and rejected by the trial court when it denied Keystone's motions to dismiss. Further, the ruling imposing the sanctions was not based on any misconduct other than a failure to sign the disclosure certificate.

## II.

Among issues that may arise on remand is Keith's contention that the trial court erred in characterizing her negligence claim as one for negligent supervision and in declining to conclude that she had stated a proper negligence claim. We agree that such was error.

## A.

In regard to the proper characterization of Keith's claim, we note that Keith's first complaint contained a claim for relief against Valdez based on negligence and claims against Keystone including negligent supervision/entrustment and negligence. The negligence claim against Keystone alleged that it had a "duty to that class of persons who are apt to come in contact with the drivers to monitor not only the employee drivers of the vans but the operation of said vehicles at all times that the drivers were on call, upon information and belief being twenty-four hours per day." It further alleged that Keystone had breached the duty by failing to monitor properly the checking out of the keys to drivers, failing to monitor its employees, and failing to provide proper check-out procedures for the vans.

The complaint here contained the same claims for relief including the same negligence claim against Keystone, except that the negligent supervision/entrustment claim against Keystone was omitted.

Thus, based upon a comparison of the two complaints, we conclude that Keith properly stated a claim for negligence against Keystone and did not intend to assert a negligent supervision/entrustment claim here. Accordingly, the trial court erred in not determining whether Keystone owed a common law duty of care to Keith.

### B.

■ We also agree with Keith that her allegations would adequately state a claim for negligence against Keystone.

■ Whether a particular defendant owes a legal duty to a particular plaintiff, as well as the scope of the duty, are questions of law for a court to resolve. The court should consider several relevant factors in determining whether to recognize a duty in a particular case. These factors include the risk involved, the foreseeability and likelihood of injury as weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against injury or harm, and the consequences of placing the burden upon the actor. *Bath Excavating & Construction Co. v. Wills*, 847 P.2d 1141 (Colo. 1993).

■ No one factor is controlling and other considerations may also be relevant in determining whether a duty exists. Essentially, the question is one of fairness under contemporary standards, that is, whether reasonable persons recognize and agree that a duty exists. Once a court has determined the existence of a duty, the court must consider the scope of the duty and define the applicable standard of care against which to measure the defendant's conduct. The finder of fact then must determine whether the defendant breached that duty. *Bath Excavating & Construction Co. v. Wills, supra.*

Keith alleged that the keys to a fleet of Keystone vans were left hanging in an unlocked room, that unrestricted twenty-four hour access to the room existed, that Keystone employees had occasionally borrowed the vans for personal use, and that Keystone had experienced numerous problems concerning the use of alcohol and drugs among its employees.

Under these circumstances, there would be a risk that a Keystone van could be stolen or "borrowed" without permission by Keystone employees or guests. The alleged twenty-four hour a day access to van keys would make it more likely that a van would be taken by an unauthorized person. Further, a van could be taken by someone with a good driving record but in an impaired state, as occurred here, or by anyone, perhaps even one not licensed to drive, who had access to the room in which the keys to the vans were stored.

Given the youth of Keystone's seasonal employees and the "party-like" atmosphere alleged to be present, coupled with the easy access to the vehicles, it would be foreseeable that someone would be tempted to take a vehicle for unauthorized personal use under circumstances in which he or she would pose a danger to the public. The foreseeability and likelihood of such injury may well outweigh the social utility of Keystone's alleged conduct in providing unrestricted and unmonitored access to the keys of its vehicles.

Finally, neither the magnitude of the asserted burden of guarding against harm, nor the consequences of placing the burden on Keystone of acting with reasonable care in restricting and monitoring the use of its vehicles, are so great that it would be improper to find that a duty would exist under the circumstances alleged to be present. *See Taco Bell, Inc. v. Lannon*, 744 P.2d 43 (Colo. 1987) (fast food restaurant in high crime area has legal duty to take security measures to protect patrons from criminal acts).

We note that, generally, one who leaves keys inside a vehicle is not liable to a person injured by the negligence of a thief who steals it. *See* Annot., *Liability of Motorist Who Left Key in Ignition for Damage or Injury Caused by Stranger Operating Vehicle*, 45 A.L.R.3d 787 (1972). However, some jurisdictions have applied the "special circumstances doctrine" to create an exception to this general rule and have imposed a duty of care in circumstances similar to those alleged to be present here, *i.e.*, where there is a foreseeable risk of theft of vehicle keys accompanied by likelihood of injury resulting from unauthorized use of the vehicle. *See*

*Illinois Farmers Insurance Co. v. Tapemark Co.,* 273 N.W.2d 630 (Minn.1978) (defendant under duty to prevent injury if aware or should be aware of circumstances that increase probability car will be stolen, thief likely to operate car negligently, and consequent injury to third party will result); *Cruz v. Middlekauff Lincoln–Mercury, Inc.,* 909 P.2d 1252 (Utah 1996) (although vehicle owner not ordinarily liable to third parties injured by negligent driving of a thief, liable if theft and subsequent negligent driving foreseeable).

Thus, we conclude that if on remand Keith proves her allegations, Keystone owed her a common law duty to exercise reasonable care to avoid the injuries she sustained. If, on retrial, Keith establishes some, but not all, of her allegations, the trial court must then determine, on the basis of the principles set forth herein, whether Keystone owes her a legal duty. *See Taco Bell, Inc. v. Lannon, supra.* If a duty is found to exist, then the finder of fact must determine whether there was a breach of such duty.

Because of our disposition, we need not address the other issues raised by Keith.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

CRISWELL and MARQUEZ, JJ., concur.