DORIS SAUTER, A MINOR, BY ELSIE BENSON, HER
MOTHER AND NATURAL GUARDIAN, v.
CHARLES SAUTER.[1]

May 6, 1955.

No. 36,463.

*Nemerov & Perl,* for appellant.

*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and *David W. Nord,* for respondent.

[1]Reported in 70 N. W. (2d) 351.

MATSON, JUSTICE.

Appeal from a summary judgment for defendant in a personal injury action for damages.

We are concerned with the sole question of the propriety of granting defendant's motion for a summary judgment on the issue of defendant's negligence pursuant to Rule 56.03 of Rules of Civil Procedure which provides:

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, *show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*" (Italics supplied.)

The only evidence of defendant's alleged negligent acts is found in the depositions of the two parties.

This action arises from an automobile accident which occurred on January 25, 1953, shortly after 12:30 a. m. About 9:30 p. m. the previous evening, the plaintiff, who is a sister of the defendant, accompanied defendant in his car to a wedding celebration at a night club near Anoka, Minnesota. Nearly three and one-half hours later, the plaintiff and the defendant left the wedding festivities to drive to a cafe several miles away.

En route to the cafe defendant drove along a county road until he reached highway No. 65, which is a two-lane highway flanked on each side with shoulders four or five feet wide. Defendant turned south on this highway. The highway was dry and weather conditions were clear. The shoulders were covered with ice. A snow-filled ditch sloped away from each shoulder. After the defendant had proceeded for about four or five blocks southward along the highway, he observed, as he was rounding a curve, a car about two blocks away proceeding toward him in a northerly direction. When the approaching car was approximately 350 feet away, he saw a second car approaching directly behind the first car. When the two approaching cars were approximately 250 feet away, the second of these cars pulled out to pass the leading car and drove directly into the lane of defendant's car. Immediately, without slowing up or blowing his

horn, defendant began to edge over onto the shoulder thinking that the passing car would return to its proper side of the road but instead it continued in the defendant's lane. At this point defendant's speed was approximately 40 to 45 and possibly 50 miles per hour. Defendant then gradually edged farther onto the shoulder and proceeded to drive along at least part of the time with his two right wheels on the shoulder and his two left wheels on the highway.

Although defendant thus avoided collision with the oncoming cars, his right wheels caught in the snow on the edge of the road shoulder and started to pull the car into the ditch. At this point, defendant first began to apply his brakes and attempted to pull back onto the highway; his car, however, began to slide at an angle toward the ditch. The rear of the car struck a telephone pole located in the ditch about 15 feet from the concrete, and the force of the impact threw plaintiff out of the car and severely injured her. Between the point where the defendant first left the highway and the point of collision with the telephone pole, defendant had traveled a distance of 200 feet.

It appears that the defendant, just prior to his turn into the curve on the highway, had slightly diminished his speed. The speed of the oncoming cars, which did not stop, is unknown.

Pursuant to Rule 56 the trial judge on the above evidence, as adduced by defendant's and plaintiff's depositions, ordered summary judgment for the defendant. Subsequently plaintiff's motion to amend the order for summary judgment was denied and judgment was entered. This appeal is from the judgment.

■ A motion for a summary judgment may be granted pursuant to Rule 56.03 only if, after taking the view of the evidence most favorable to the nonmoving party,[2] the movant has clearly sustained his burden[3] of showing that there is no *genuine issue* as to any *material fact* and that he is entitled to judgment as a matter of law. It is essential to bear in mind that the moving party has the burden of proof and that the nonmoving party has the benefit of that view

[2]Abdallah, Inc. v. Martin, 242 Minn. 416, 65 N. W. (2d) 641; 6 Moore, Federal Practice (2 ed.) par. 56.15[3].

[3]Ramsouer v. Midland Valley R. Co. (8 Cir.) 135 F. (2d) 101.

of the evidence which is most favorable to him. The salutary purpose and useful function of summary judgment proceedings as a means of securing the just, speedy, and inexpensive determination of the action (Rule 1) is well recognized, but resort to summary judgment was never intended to be used as a substitute for a court trial or for a trial by jury where any genuine issue of material fact exists.[4] In other words a summary judgment is proper where there is no issue to be tried but is wholly erroneous where there is a genuine issue to try.[5]

■ The controlling words *genuine issue* and *material fact* need no amplification since they best speak for themselves.[6] Their application in determining whether there is an absence of a *genuine issue* as to a *material fact* requires a careful scrutiny of the pleadings, depositions, admissions, and affidavits, if any, on file.[7] Since, however, all factual inferences must be drawn against the movant for summary judgment,[8] it follows that, even where the movant's supporting documents are uncontradicted, they may in themselves be insufficient to sustain his burden of proof.[9]

In the light of the foregoing principles, a careful scrutiny of the evidence presented by the defendant's deposition leads us to the conclusion that the trial court erred in granting the motion for summary judgment. We do not find an absence of genuine issues as to all material facts within the meaning of Rule 56.03. In the first place, defendant's action in turning off the highway when the

---

[4]See, Sartor v. Arkansas Natural Gas Corp. 321 U. S. 620, 627, 64 S. Ct. 724, 728, 88 L. ed. 967, 972; Ramsouer v. Midland Valley R. Co. (8 Cir.) 135 F. (2d) 101; Whitaker v. Coleman (5 Cir.) 115 F. (2d) 305.

[5]Under the prior Minnesota practice a pleading which was false in fact could be stricken as sham. See, 3 Youngquist & Blacik, Minnesota Rules Practice, pp. 91, 92; Jasperson v. Jacobson, 224 Minn. 76, 27 N. W. (2d) 788.

[6]36 Minn. L. Rev. 571.

[7]See, Walling v. Fairmont Creamery Co. (8 Cir.) 139 F. (2d) 318; 36 Minn. L. Rev. 571.

[8]6 Moore, Federal Practice (2 ed.) par. 56.15[3].

[9]See, Peckham v. Ronrico Corp. (1 Cir.) 171 F. (2d) 653; Griffith v. William Penn Broadcasting Co. (E. D. Pa.) 4 F. R. D. 475; Bowdle v. Automobile Ins. Co. (D. Del.) 99 F. Supp. 161.

approaching cars were at least 250 feet away, and a subsequent gradual movement over onto the shoulder, presents a question of fact as to whether or not defendant had the opportunity to slow down before he decided to turn onto the icy shoulder. Furthermore, as defendant drove along the shoulder, the left-hand wheels of his car were at least part of the time on the clean concrete surface of the highway. A question of fact therefore arises as to whether he had the opportunity to apply his brakes slowly or at least sporadically while two of his car wheels were on the pavement. There is also a lack of evidence concerning the distance defendant's car traveled on the shoulder after he had passed the northbound cars and before he attempted to pull back onto the highway. We have further uncertainty as to the speed traveled by the defendant at the time of the accident. Upon the evidence it therefore clearly appears that genuine issues upon material facts existed which barred an entry of summary judgment.

■ Although it is generally recognized that issues of negligence and contributory negligence are questions of fact[10] and are not ordinarily susceptible of summary adjudication either for or against the claimant,[11] it is not to be overlooked that in proper cases[12] summary judgment may be entered where the material facts are undisputed and as a matter of law compel only one conclusion. Upon the evidence presented in the instant case, reasonable men could differ on the question of whether or not the defendant acted in a reasonable manner in turning off the dry surface of the concrete highway onto an icy shoulder at a speed of 45 miles per hour or more without applying his brakes when the oncoming car was at least

[10]See, Bimberg v. N. P. Ry. Co. 217 Minn. 187, 14 N. W. (2d) 410, 419; 13 Dunnell, Dig. (3 ed.) § 7048; 38 Am. Jur., Negligence, § 345.

[11]6 Moore, Federal Practice (2 ed.) par. 56.17[42]; see, Wright, Minnesota Rules, p. 331.

[12]See, Lindgren v. Sparks, 239 Minn. 222, 58 N. W. (2d) 317; Surkin v. Charteris (5 Cir.) 197 F. (2d) 77; American Airlines, Inc. v. Ulen, 87 App. D. C. 307, 186 F. (2d) 529; Harris v. Railway Exp. Agency, Inc. (10 Cir.) 178 F. (2d) 8; Wilkinson v. Powell (5 Cir.) 149 F. (2d) 335; Clark, *The Summary Judgment*, 36 Minn. L. Rev. 567, 569 to 572.

250 feet away. The same may be said of the failure by the defendant to have at least attempted to pump his brakes while partly on the icy shoulder. Since there were genuine issues of material facts to decide, it was error to enter summary judgment for the defendant.[13]

The judgment is reversed.

Reversed.

[13]See, Vale v. Bonnett, 89 App. D. C. 116, 191 F. (2d) 334; Pierce v. Ford Motor Co. (4 Cir.) 190 F. (2d) 910, certiorari denied, 342 U. S. 887, 72 S. Ct. 178, 96 L. ed. 666; Dulansky v. Iowa-Illinois Gas & Elec. Co. (8 Cir.) 191 F. (2d) 881; Gaines v. Racenet (S. D. N. Y.) 11 F. R. D. 111.