Betty and David HAMILTON,
Appellants,

v.

INDEPENDENT SCHOOL DISTRICT
NO. 114, by its School Board, defendant
and third party plaintiff, Respondent,

v.

Tyler SAWYER, third party
defendant, Respondent,

Darin Beavers, third party
defendant, Appellant.

No. C9–84–1012.

Court of Appeals of Minnesota.

Sept. 25, 1984.

John L. Prueter, Minneapolis, for Hamilton.

Richard Jeffries, Steven L. Marquart, Cahill, Jeffries & Maring, Moorhead, Independent School Dist. No. 114.

Kirby A. Dahl, Cold Spring, for Sawyer.

David G. Schueppert, Powell, Lang & Schueppert, Bemidji, for Beavers.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Betty Hamilton was injured on February 8, 1983 when she fell on a sidewalk while leaving a basketball game sponsored by respondent school district. She fell when Tyler Sawyer, pushed by Darin Beavers, another student, collided with her. Appellant alleges the school district failed to exercise ordinary care for her protection. Upon motion, the trial court ordered summary judgment in favor of the school district and concluded, although a jury might find the school district was negligent, there was no genuine issue of material fact on causation. We disagree and reverse.

## FACTS

Respondent school district operates public schools in Backus, Minnesota. It sponsors various spectator events during the school year, including athletic competitions, to which admission is charged. Darin Beavers and Tyler Sawyer, both 13-year-old 7th grade students, attended the basketball game.

After the game, Darin hid in the shadows in order to push Tyler into a snowbank. Hamilton, Tyler, Tyler's mother and brother left the building after the crowd thinned out. As they left, Darin pushed Tyler into appellant, who fell and suffered serious injury to her hip.

Richard Salzwedel, Backus secondary school principal for approximately 15 years, was present at the game. He is responsible for student discipline and considers uninvited physical contact between students contrary to school policy. Students are expected to adhere to the same standard of conduct at school events as is expected during the school day, whether inside or outside the building.

The school district does not hire personnel to control crowds at spectator activities nor has it developed any manuals dealing with crowd control or spectator safety.

Salzwedel supervises games when he is present. The superintendent was also present inside the building but did not engage in any supervisory functions.

According to Salzwedel, he limits his supervisory activities to inside the building, except for infrequent walks outside. When

a game is about to begin, Salzwedel directs everyone into the gym. While a game is in progress, he remains in the gym and sometimes walks into the hall. Salzwedel is the only person with assigned supervision responsibilities. When a game is over, he generally remains in the gym until approximately half the crowd has left and then walks into the hallway to maintain his visibility and eliminate misbehavior. He never requested additional supervisory assistance. No teachers or school officials were present outside the building when Hamilton's injury occurred.

During the school year, Darin and his friends frequently "picked on" Tyler by calling him names or hitting him in the arm or head. Approximately two weeks earlier, Darin and Tyler were involved in another incident at a school basketball game. During half-time, Tyler left the gymnasium. Darin and three boys approached Tyler in the restroom and asked him to go outside. There, Darin and his friends pushed and tripped Tyler, who became very upset but was not physically injured. Tyler's mother reported the incident to Salzwedel, who verbally reprimanded Darin and instructed him to go into the gym or leave the school grounds. Salzwedel took no further action because he regarded the incident as petty.

The trial court granted summary judgment for the school district finding that, although a jury might find the school district was negligent, there was no genuine issue of material fact on causation. The trial court concluded as a matter of law that any negligence by the school district did not cause appellant's injuries.

### ISSUE

Did the trial court err in granting summary judgment in favor of respondent school district?

### ANALYSIS

■ 1. A motion for summary judgment may be granted when the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits show there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. Minn.R. Civ.P. 56.03; *see Burner Service and Combustion Controls Co. v. City of Minneapolis*, 312 Minn. 104, 106, 250 N.W.2d 224, 226 (1977).

■ The motion may be granted only if, viewing the evidence favorably to the non-moving party, the movant has clearly sustained the burden of proving there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Sauter v. Sauter*, 244 Minn. 482, 484, 70 N.W.2d 351, 353 (1955).

■ The trial court may not decide factual issues on a motion for summary judgment; its sole function is to determine whether fact issues exist. *Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn.1981); *Schmidt v. Smith*, 299 Minn. 103, 107, 216 N.W.2d 669, 671 (1974). Facts, inferences, and conclusions that may be drawn by a jury are fact issues which may not be resolved by the trial court. *Rathbun v. W.T. Grant Co.*, 300 Minn. 223, 230, 219 N.W.2d 641, 646 (1974). All doubts and factual inferences must be resolved against the moving party. *Nord v. Herreid*, 305 N.W.2d at 339.

■ Even if the court believes it to be unlikely that the non-moving party will prevail at trial, summary judgment must be denied with respect to issues which are not shown to be "sham, frivolous, or so insubstantial that it would obviously be futile to try them." *Whisler v. Findeisen*, 280 Minn. 454, 456, 160 N.W.2d 153, 155 (1968).

■ Proximate cause is usually a question of fact and seldom can be disposed of on a motion for summary judgment. *Illinois Farmers Insurance Co. v. Tapemark Co.*, 273 N.W.2d 630, 633–34 (Minn.1978); *Abresch v. Northwestern Bell Telephone Co.*, 246 Minn. 408, 412, 75 N.W.2d 206, 209 (1956). Summary judgment should be granted in a negligence case only if the facts are undisputed and the evidence so clear that it will leave no room for honest differences of opinion

among reasonable people. *Trepanier v. McKenna*, 267 Minn. 145, 149–50, 125 N.W.2d 603, 603 (1963). "A motion for summary judgment should be denied if reasonable persons might draw different conclusions from the evidence presented." *Illinois Farmers Insurance Co. v. Tapemark*, 273 N.W.2d at 633.

2. In this case, the trial court found and the parties agree there are no facts in dispute. However, in viewing the facts, the trial court found as a matter of law that any negligence on the part of the school district did not cause appellant's injuries. In reaching its decision, the trial court stated:

> I cannot think of a fact situation which so clearly falls into the category of cases denying liability, simply because no amount of monitoring or supervision by school employees could have prevented Mrs. Hamilton's injury. Conceding that there is a basis for a finding of negligence based upon inadequate supervision and crowd monitoring, and also that there was direct notice of Darin Beaver's past bullying tactics toward Tyler Sawyer, I can think of nothing the school district could have done to restrain Darin, except (1) to have barred him from all basketball games, or (2) to have hired a teacher to remain within a couple of feet of Darin from the time that he entered until he left school property. Neither of these alternatives was feasible, realistic or required.
>
> \*   \*   \*   \*   \*   \*
>
> I prefer to base my decision upon my conclusion that if the presence of Tyler Sawyer's mother and plaintiff immediately to his right and left did not deter Darin Beaver's sudden attack upon Tyler, no number of school employees would have prevented it, especially outside the school building on a sidewalk filled with adults leaving the basketball game.

A school district is required to exercise ordinary care to prevent foreseeable misconduct of students. *Raleigh v. Independent School District No. 625*, 275

N.W.2d 572, 575 (Minn.1978); *Sheehan v. St. Peter's Catholic School*, 291 Minn. 1, 3, 188 N.W.2d 868, 870 (1971). In order to recover damages, a plaintiff need only prove that a general danger was foreseeable and supervision would have prevented the accident. Proximate causation is established by showing the likelihood that the misconduct would have been prevented had the duty been discharged. *See Raleigh*, 275 N.W.2d at 576.

The trial court held additional supervision would not have prevented the attack and injuries. The question of causation is for the jury. As the Minnesota Supreme Court noted in *Raleigh*, reasonable supervision might prevent sudden injuries by interrupting misconduct or deterring it altogether. 275 N.W.2d at 576. Considering the evidence of the earlier attack by Darin and lack of supervision by the school district, there is a fact issue on causation. Reasonable people might draw different conclusions and, therefore, the evidence should be presented to a jury. A jury may conclude the presence of a school supervisor would have prevented Darin's conduct. For purposes of the summary judgment motion, inferences favorable to the appellant must be drawn. *Nord v. Herreid*, 305 N.W.2d at 339. The trial court drew unfavorable inferences to reach the result it did.

## DECISION

Because the record indicates genuine issues of material fact regarding causation, the summary judgment must be vacated.

Reversed and remanded for trial on the merits.