Timothy John HUVER, a minor, by his father, John HUVER and John Huver, Appellant,

v.

Cheryl OPATZ, et al., Defendants,

LeSauk Township, Respondent.

No. C4–85–585.

Court of Appeals of Minnesota.

Aug. 13, 1985.

Review Granted Oct. 18, 1985.

Robert J. King, Jr., Minneapolis, for appellant.

David M. Boldt, Minneapolis, for Cheryl Opatz.

Timothy W. Waldeck, Minneapolis, for Trobec Enterprises.

Frank J. Rajkowski, St. Cloud, for St. Wendel Township.

Michael J. Ford, St. Cloud, for LeSauk Township.

Heard, considered and decided by NIER-ENGARTEN, P.J., and LANSING and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Appellant Timothy Huver appeals from a pre-trial summary judgment entered in favor of respondent LeSauk Township on February 19, 1985. The trial court concluded that LeSauk Township could not be negligent because it did not have the duty to maintain and repair that portion of a townline road on which Huver was injured. We reverse and remand for trial on the merits.

### FACTS

On July 4, 1983, Timothy Huver sustained serious injuries as a passenger in an automobile driven by Cheryl Opatz while on their way from Trobec's Bar in St. Stephen to St. Cloud to watch fireworks. Opatz was heading south on Townline Road when her car collided with a granite outcropping. As a result, Huver was rendered a quadriplegic.

Huver commenced an action against Cheryl Opatz, the driver of the car; Trobec Enterprises, Inc., the operator of the bar; and St. Wendel Township and LeSauk Township, the townships that own and maintain Townline Road. Huver alleges LeSauk and St. Wendel negligently constructed and/or maintained Townline Road and that the outcropping constituted a defect in the road surface.

The Townline Road has been in existence as a public road for 50 to 75 years. It runs north and south along the boundary between the St. Wendel and LeSauk Townships. St. Wendel Township lies to the west and LeSauk lies to the east.

In 1970, LeSauk and St. Wendel entered into an agreement and joint resolution for the maintenance of Townline Road. Under

the agreement, St. Wendel is responsible for the cost of maintenance and construction of the northerly two miles of the road (where the accident happened) and LeSauk is responsible for the cost of maintenance and construction of the southerly two miles.

The outcropping is located in St. Wendel on land owned by the Cold Spring Quarry Company and is adjacent to that portion of the road assigned to St. Wendel pursuant to the 1970 agreement. Although both Townships have long been aware of the existence of the granite outcropping, neither Township has taken steps to alter or remove the outcropping.

LeSauk Township moved for pre-trial summary judgment on the grounds it had no responsibility with respect to the design and maintenance of the portion of the Townline Road allegedly claimed to have caused the accident and that all its responsibility, if any, had been delegated to St. Wendel Township pursuant to the 1970 agreement and joint resolution. The trial court entered summary judgment in favor of LeSauk Township. The court concluded LeSauk Township had no duty to maintain the portion of the road at issue and therefore could not be negligent.

## ISSUE

Was LeSauk Township relieved of all legal liability for the portion of Townline Road at issue by virtue of the 1970 agreement and joint resolution which allegedly transferred maintenance and repair to an adjoining township?

## ANALYSIS

 A motion for summary judgment may be granted when the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits show there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. Minn.R. Civ.P. 56.03; *Hamilton v. Independent School District No. 114*, 355 N.W.2d 182, 184 (Minn.Ct.App.1984). The evidence must be viewed favorably to the nonmoving party. *Sauter v. Sauter*, 244 Minn. 482, 484, 70 N.W.2d 351, 353 (1955).

The 1970 Agreement and Joint Resolution was executed pursuant to Minn.Stat. § 164.12, subd. 2 (1984), which provides: Division of responsibilities. The town boards shall divide the length of the road proposed to be established, altered, or vacated into two parts. When it is proposed to establish or alter a road, the division shall be made so as to divide as nearly equal as possible the cost of right of way, construction, and maintenance of the entire road. If the proposal is to vacate a road, the division shall be made so as to divide as nearly equal as possible any damages that may be occasioned thereby.

*Id.* The supreme court has held that a township has the authority to maintain a public road outside its territory:

Townships may enter agreements of mutual convenience regarding roads on or along town lines. Even though a town line runs down the center of a road, the adjoining towns are not compelled to divide the duties of maintenance strictly in accordance with their territorial borders. They may reach some other accommodation. Moreover, the laws recognize that there are occasions where, for reasons of necessity or practicality, such roads do not lie precisely on the town line. In such circumstances the towns are not precluded from dividing the duties of maintenance for that portion of the town line road.

*Shinneman v. Arago Township*, 288 N.W.2d 239, 242–43 (Minn.1980).

The 1970 Agreement and Joint Resolution provides in pertinent part:

[LeSauk and St. Wendel] shall construct and maintain all that part of said Town line road lying [on its side of the dividing line] to the whole width thereof, including the cost of constructing and maintaining any and all bridges, culverts and conduits for natural waterways or existing drainage ditches on said portion of the Town line road, including the cost of constructing and maintaining bridges, culverts and conduits as may be made necessary by the construction of a drainage ditch or by the changing, widening

or alteration of any drainage ditch, or by the altering or changing of any water course on said portion of the Town line road in the future.

The resolution incorporated the agreement and further provided that the agreement dividing the maintenance and construction "shall be perpetual."

Huver argues summary judgment was inappropriate because a township's duty to maintain its roads in a safe condition is non-delegable and a jury issue exists concerning the terms of the agreement between the townships.

■ In *Johnson v. City of Thief River Falls*, 282 Minn. 281, 164 N.W.2d 71 (1969), the supreme court held that a city was not responsible to a pedestrian who was injured as a result of a defect in the surface of a state trunk highway within its boundaries, absent an agreement between the city and the state by which the city affirmatively assumed responsibility of maintenance even though the crosswalk was designated and policed by the city. *Id.* at 287, 164 N.W.2d at 74. Referring to an earlier decision, the supreme court stated:

> This court acknowledged a legislative intent to make a chartered municipality liable for negligence in the maintenance and repair of its own highways, streets, and sidewalks if such highway, street or sidewalk is then under the municipality's control * * *.

*Id.* at 286, 164 N.W.2d at 74 (emphasis in original); *see Paul v. Faricy*, 228 Minn. 264, 279–80, 37 N.W.2d 427, 436 (1949) (city's liability for negligent maintenance must be measured and limited by the terms of its maintenance contract). These cases make it clear that a township can *assume* liability for the maintenance of another township's road. In this case, negligence, if any, is chargeable to St. Wendel since it had contractually assumed the responsibility to maintain the portion of the townline road at issue. The cases do not, however, hold that a township can *absolve* itself of the liability arising out of negligently maintained roads.

■ A township is statutorily responsible for the maintenance of its own roads.

Section 164.12 allows the townships to shift only the responsibility for the *cost* of construction and maintenance of townline roads. The agreement in this case, by its terms, parallels section 164.12 and is limited to the shifting of the *costs* of construction. It does not shift the exclusive control of the portion of the townline road at issue to St. Wendel. St. Wendel assumed responsibility only for the cost of maintenance and construction for the northerly portion of the townline road. Even though responsibility for *cost* is shifted to St. Wendel, LeSauk may still be co-liable for negligence.

■ A township does not automatically avoid all legal liability for injuries sustained on a townline road just because the cost of maintenance is assigned to another township.

Section 164.12 authorizes agreements which shift responsibilities for the *costs* involved in maintaining and constructing a townline road. If the legislature had intended additional results, it would not have limited section 164.12 to "costs."

Additionally, there is evidence in the record that the townline road had been jointly maintained by LeSauk and St. Wendel both before and *after* the execution of the 1970 agreement. Even if the 1970 agreement eliminated LeSauk's duty to maintain, there exists a fact issue as to whether or not the subsequent joint maintenance constitutes a waiver.

### DECISION

■ LeSauk Township may have a continuing legal obligation to share liability for maintenance and repair of that portion of the townline road at issue, even if the agreement apportioned maintenance costs to St. Wendel.

Accordingly, LeSauk township was improperly dismissed from this case and we reverse and remand for trial on the merits.

Reversed and remanded for trial.