Esther E. McGONAGLE, et al.,
Respondents,

v.

L. Steven JOHNSON, Appellant.

No. C4–86–1357.

Court of Appeals of Minnesota.

Jan. 13, 1987.

Review Denied March 13, 1987.

Garry D. Barnett, Regan, Kunard, Barnett & Kakelday, Ltd., Mankato, for respondents.

Willis M. Gustafson, Paul H. Tanis, Jr., MacKenzie, Gustafson & Lucas, St. Peter, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Johnson appeals from an order granting summary judgment to respondents. Johnson contends the trial court erred in ordering summary judgment because genuine issues of material fact exist. We disagree and affirm.

## FACTS

On or about September 28, 1982, Johnson purchased a tract of farmland from respondents pursuant to a contract for deed.[1] The purchase price of the farm was $455,000: a $70,000 initial principal payment, and annual installments of principal and interest in the amount of $37,460 commencing November 1, 1983, with all remaining principal and interest payable on November 1, 1992. The contract for deed was a standard form drafted by an attorney. The contract contains a liquidation clause which reads as follows:

> But should default be made in the payment of principal or interest due hereunder, or any part thereof, to be by [appellant] paid, or should he fail to pay the taxes or assessments upon said land, premiums upon said insurance, or to perform any or either of the covenants, agreements, terms or conditions herein contained, to be by said [appellant] kept or performed, [respondents] may, at their option, by written notice declare this contract cancelled and terminated, and all rights, title and interest acquired thereunder by [appellant], shall thereupon cease and terminate, and all improvements made upon the premises, and all payments made hereunder shall belong to the [respondents] as liquidated damages for breach of this contract by [appellant], said notice to be in accordance with the statute in such case made and provided.

The sale was conducted by Warren Enevoldsen, a real estate agent. Johnson met with Enevoldsen prior to signing the contract. During this meeting, Johnson allegedly asked Enevoldsen about the consequences of failing to pay the annual installments. According to Johnson, Enevoldsen replied, "If you don't make your payments, you lose the property, your down payment, any improvements, and any payments made to date." The contents of this conversation are unconfirmed. Johnson dealt with Enevoldsen previously and knew Enevoldsen was only licensed to sell real estate and not to practice law. He signed the contract for deed without having an attorney examine its terms.

Johnson then took possession of the land and proceeded to plant and harvest crops. He also rented out the residence located on the land. Prior to November 1985, he went to see Enevoldsen about renegotiating the

---

1. Johnson is also purchasing four other parcels of real property for farming purposes, all being purchased pursuant to written contracts for deed with various vendors.

contract. He acknowledges Enevoldsen was not acting as respondents' agent at this time. On November 1, 1985, he failed to pay respondents the annual installment due. He wrote respondent Mildred Jewison on November 7, 1985, stating his present financial position prevented him from fulfilling the original contract terms. In his letter, he attempted to renegotiate the terms of payment under the contract.

Johnson's renegotiation attempts with respondents were unsuccessful. Rather than implement cancellation proceedings, respondents chose to foreclose on the contract by installment. At trial, Johnson argued the contract for deed's language limited respondents' remedial rights. Respondents moved for summary judgment, which the trial court granted after finding no genuine issues of material fact and that respondents were entitled to summary judgment as a matter of law.

### ISSUE

Did the trial court err in granting summary judgment to respondents?

### ANALYSIS

Rule 56.03 of the Minnesota Rules of Civil Procedure provides that summary

> [j]udgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law.

Minn.R.Civ.P. 56.03. Appellate review of summary judgments requires an examination of the evidence presented at trial in a light most favorable to the nonmoving party. The movant has the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *Louwagie v. Witco Chemical Corp.,* 378 N.W.2d 63, 66 (Minn.Ct.App.1985) (quoting *Sauter v. Sauter,* 244 Minn. 482, 484–85, 70 N.W.2d 351, 353 (1955)).

Johnson contends genuine issues of material fact are present with respect to interpreting the terms of the contract for deed. He argues that the phrase "[respondents] may, at their option, by written notice declare this contract cancelled and terminated," limits respondents to pursuing statutory cancellation in the event of default by Johnson and precludes respondents from pursuing the remedy of foreclosure by installment. He supports his contention by relying upon circumstances surrounding the contract's formation.

With respect to contract disputes, the court cannot go beyond the face of a written contract unless the contract's terms or provisions are unclear and ambiguous. In *Donnay v. Boulware,* the court stated that:

> [S]ummary judgment is not appropriate where the terms of a contract are at issue and any of its provisions are ambiguous or uncertain. Under such circumstances the trial court should allow the parties a full opportunity to present evidence of facts and circumstances and conditions surrounding its execution and the conduct of the parties relevant thereto.

275 Minn. 37, 45, 144 N.W.2d 711, 716 (Minn.1966). The present record does not contain any evidence indicating that the contract's terms are unclear or ambiguous. The contract was drafted by an attorney and follows the statutorily-approved contract for deed form prepared by the uniform conveyancing blanks commission. The contract does not state that cancellation is respondents' sole and exclusive remedy. The contract merely recites one of the remedial options available in the event of default. Existing Minnesota case law does not require the contract vendor to delineate every legal and equitable remedy available upon default in the contract.

Furthermore, the parol evidence rule precludes admission into evidence of discussions and negotiations between the parties and others when the terms of the contract are clear and unambiguous, the contract is written, and the contract contains the com-

plete agreement of the parties. *See* 3 A. Corbin, *Corbin on Contracts* § 573, at 357 (1960). When these three conditions are met, as in this case, application of the contract to the dispute between the parties is a matter of law for decision by the trial court. *Petersen v. Dekalb Pfizer Genetics,* 354 N.W.2d 887, 889 (Minn.Ct.App.1984).

■ Johnson also contends the lack of a provision in the contract notifying him of respondents' right to foreclose the contract by installment precludes respondents from proceeding with this remedy. This argument is without merit since the contract in question does not specifically require respondent to notify Johnson of his decision to foreclose on the contract by installment. The legislature has approved the form utilized by respondents. Any notice requirements to identify all remedial rights in the contract must be made by the legislature. Until the legislature chooses to act, we must conclude that respondents are not limited to the remedy of statutory cancellation and may properly foreclose on the contract by installment.

### DECISION

The trial court properly granted summary judgment to respondents where the contract was clear and unambiguous and presented no genuine issues of material fact.

Affirmed.

POPOVICH, C.J., concurring specially.

POPOVICH, Chief Judge (concurring specially).

I concur in the result of the majority, but make the following observations:

1. Minn.Stat. § 507.09 provides:

The several forms of deeds, mortgages, land contracts, assignments, satisfactions, and other conveyancing instruments prepared by the uniform conveyancing blanks commission and filed by the commission with the secretary of state pursuant to Laws 1929, chapter 135, as amended by Laws 1931, chapter 34, are approved and recommended for use in the state. Such forms shall be kept on file with and be preserved by the commissioner of commerce as a public record. The commissioner of commerce may appoint an advisory task force on uniform conveyancing forms to recommend to the commissioner of commerce to existing forms or the adoption of new forms. The task force shall expire, and the terms, compensation, and removal of members shall be as provided in section 15.059. The commissioner of commerce may adopt amended or new forms consistent with the laws of this state by rule in accordance with chapter 14.

*Id.*

2. The conveyancing form used by the parties merely prescribes the liquidation clause, one option in case of default. In my opinion, the uniform conveyancing form should also include language which describes the option of a vendor to sue for specific performance and obtain judgments on payments not made. Thus, the parties would be on notice that in the event of default, a vendor has more than one option. Unless a party utilizes a lawyer who can explain the alternatives, a party will never be fully informed by the conveyancing form language itself.

3. The commissioner of commerce may want to commence the necessary rule-making proceedings so the conveyancing form involved is amended to contain other important options in case of default, in addition to the standard language used in this matter.