**Mary E. WERDIN, Appellant,**

v.

**R.H.N. FIELDEN, M.D., Respondent.**

No. C7–86–2003.

Court of Appeals of Minnesota.

May 26, 1987.

Elmer Wiblishauser, St. Paul, for appellant.

R. Stephen Tillitt, Gislason, Dosland, Hunter & Malecki, Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Mary Werdin appeals a summary judgment contending the district court erred by refusing to grant her more time within which to obtain expert medical testimony and by ruling that the doctrine of res ipsa loquitur does not apply. We affirm.

## FACTS

On May 2, 1984, Mary Werdin visited the offices of respondent Dr. Fielden for an examination of her foot and ankle. Werdin alleges that during the course of the examination and while helping her remove her sweater Fielden exerted "excess pressure" to Werdin's neck area, causing it to swell. She claims continuous neck pain since the date of the examination.

On September 28, 1984, Werdin consulted a neurologist who examined her foot, ankle, and leg and also attempted to examine her neck but Werdin would not allow him to touch or move her neck. The neurologist concluded that Werdin's neck pain "is likely to be the result of arthritis, aggravated by [a] 1978 auto accident."

A CAT scan examination on July 5, 1985, was "normal." On September 9, 1985, Werdin returned to the neurologist's office for a follow-up examination. The neurologist observed:

I cannot comment further on her neck symptoms because she refuses neck X rays. It seems hard to imagine that an examination of her neck in May of 1984 by a physician could have exacerbated the pain to the point she is describing today. The lower extremity symptoms are likewise probably highly exaggerated. She is an extremely emotional, suggestible individual, and the nonorganic neurologic findings today would tend to discount the amount of symptoms she ascribes to her left leg. At any rate, I find no objective evidence of neurologic abnormality.

Both the neurologist and the x-ray specialist who analyzed the CAT scan results indicated an unwillingness to testify and two other physicians also declined to testify on Werdin's behalf.

Although Werdin filed a note of issue on January 24, 1986, her subsequent efforts to obtain an expert witness were unsuccessful. In response to a motion for summary judgment by Fielden, the district court, on August 19, 1986, ordered Werdin's attorney to file within 30 days "an affidavit, executed by an expert witness on personal knowledge, and not by counsel, and shall set out such facts as the expert would testify were this case to come to trial."

On September 15, 1986, Werdin's attorney advised the district court of his inability to obtain an expert witness and requested "additional time to secure competent medical testimony." The court denied Werdin's request, concluding that Werdin "has had a reasonable length of time—almost a year—to obtain expert testimony,

and there does not appear to be any reasonable expectation that she will obtain such testimony in the foreseeable future." The district court also concluded that, even if Werdin's statement of the facts was correct, "there is nothing offered by her which would show that Fielden's actions were the cause of those symptoms of which she complains." Accordingly, the court granted Fielden's motion for summary judgment. Werdin appeals from that judgment.

## ISSUES

1. Did the district court err by denying the appellant's request for additional time to secure a medical expert witness to testify on her behalf?

2. Did the district court err by granting summary judgment and by concluding that the doctrine of res ipsa loquitur does not apply to this case?

3. May the appellant amend her complaint to assert a claim based on assault and battery?

## ANALYSIS

### 1. Failure to Obtain Expert Witness

■ Werdin characterizes this as a medical malpractice action. "In a medical malpractice action, the plaintiff ordinarily must offer expert testimony to establish the standard of care and the defendant's departure from that standard." *Cornfeldt v. Tongen,* 262 N.W.2d 684, 692 (Minn.1977). While the standard of care usually can be established only through expert testimony, under limited circumstances the applicable standard of care can be established without expert medical testimony. *See Hestbeck v. Hennepin County,* 297 Minn. 419, 424, 212 N.W.2d 361, 364 (1973). Even if Werdin's claim is properly characterized as a malpractice claim, the district court did not err by denying her request for additional time to produce an expert witness. Approximately two years elapsed between the time of the alleged injury and the service of Fielden's summary judgment motion. Werdin did not obtain or identify any expert witnesses during that time although she conferred with four physicians. *Cf.*

*Adams v. Nystrom,* 373 N.W.2d 666 (Minn. Ct.App.1985), *pet. for rev. denied,* (Minn. Nov. 18, 1985) (the trial court did not err by denying a motion for a continuance or by dismissing a malpractice claim when the plaintiff did not have a medical expert on the day of the trial).

### 2. Summary Judgment

Summary judgment may be granted only if

> the movant has clearly sustained his burden of showing that there is no *genuine issue* as to any *material fact* and that [the movant] is entitled to judgment as a matter of law.

*Sauter v. Sauter,* 244 Minn. 482, 484, 70 N.W.2d 351, 353 (1955) (footnote omitted; emphasis in original). Appellate courts only determine whether there are issues of fact to be tried. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981). The evidence must be viewed in a light most favorable to the nonmoving party. *Sauter,* 244 Minn. at 484, 70 N.W.2d at 353.

■ Werdin's complaint and answers to interrogatories contain only general allegations and she has not otherwise presented specific facts showing actual negligence or causation. The district court did not err by granting Fielden's motion for summary judgment. *See* Minn.R.Civ.P. 56.05; *Moundsview Independent School District No. 621 v. Buetow & Associates, Inc.,* 253 N.W.2d 836, 838–39 (Minn.1977) (summary judgment was appropriate when the complaint and answers to interrogatories contained only general statements).

### Res Ipsa Loquitur

Before a party is entitled to submit a claim on a res ipsa loquitur theory, the party must establish three elements with respect to the injury-producing event:

> (1) The event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.

*Spannaus v. Otolaryngology Clinic,* 308 Minn. 334, 337, 242 N.W.2d 594, 596 (1976).

■ ˙ There is insufficient evidence showing the alleged injuries were caused by "an agency or instrumentality within the exclusive control" of Fielden. It is undisputed that Werdin received neck and back injuries in a 1978 bus accident; the record indicates she may have experienced pain since the date of the accident. *See Hoven v. Rice Memorial Hospital,* 396 N.W.2d 569, 572 (Minn.1986) ("When the injury could have been caused with substantially equal probability from other causes as well as any acts of defendants, facts, other than just the fact of injury itself from which defendant's negligence may be inferred, must exist before a res ipsa loquitur issue can be submitted to the jury."). Res ipsa loquitur does not apply.

### 3. Assault and Battery

■ Werdin requests permission from this court to amend her complaint and assert assault and battery claims. This court has no jurisdiction to allow amendments to complaints. *See Schafer v. Commissioner of Public Safety,* 348 N.W.2d 365, 368 (Minn.Ct.App.1984) (this court's jurisdiction "is limited to questions actually decided by a trial court").

### DECISION

The district court did not err by denying Werdin additional time within which to obtain an expert medical witness when she failed to produce or identify an expert witness and there was no reasonable expectation that she could obtain an expert medical witness. The district court did not err by granting summary judgment when Werdin failed to present specific facts to support her negligence claims and she did not make a sufficient showing of direct cause which would allow her to invoke the doctrine of res ipsa loquitur.

Affirmed.