**Barbara SCHUMACHER, as Parent and Natural Guardian of Robert V. Poppovich, a minor, Respondent,**

v.

**Robert HEIG, Jr., et al., Appellants,**

**Cutfoot Sioux Inn, Marvin Stanek, et al., Respondents.**

**Robert HEIG, Jr., et al., Third–Party Plaintiffs, Appellants,**

v.

**Wayne SCHUMACHER, et al., Third–Party Defendants, Respondents.**

No. C4–89–1910.

Court of Appeals of Minnesota.

April 24, 1990.

Gerald C. Magee, Minneapolis, for Barbara Schumacher.

James J. Galman, Lawrence M. Rocheford, Scott J. Laqua, Jardine, Logan & O'Brien, St. Paul, for Robert Heig, Jr., et al.

Tim A. Strom, Hanft, Fride, O'Brien, Harries, Swelbar & Burns, P.A., Duluth, for Cutfoot Sioux Inn.

Terry C. Hallenbeck, Nancy A. Peterson, Brown, Andrew, Hallenbeck, Signorelli & Zallar, P.A., Duluth, John D. Undem, Grand Rapids, for Marvin Stanek, et al.

Scott M. Jefferson, Jefferson & Priesz, Minneapolis, for Wayne Schumacher, et al.

Considered and decided by RANDALL, P.J., and FOLEY and GARDEBRING, JJ.

## OPINION

FOLEY, Judge.

Thirteen-year-old Robert V. Poppovich broke his leg while riding a four-wheel all-terrain vehicle owned by respondent Marvin Stanek, d/b/a Cutfoot Sioux Inn, an unincorporated resort. Robert Heig, Jr., d/b/a Bowen Lodge, Inc., appeals from summary judgment, contesting the trial court's finding that no duty of care existed between Stanek and Poppovich under the Safety Responsibility Act, Minn.Stat. § 170.54 (1984), and common law negligent entrustment. Heig also challenges the conclusion that his actions constituted a superseding and intervening cause of the accident. We affirm.

## FACTS

Marvin Stanek purchased a four-wheel ATV for general use around his resort property. Family members used the ATV when needed, and no problems occurred while any of them were operating it.

On August 20, 1985, Marvin's nineteen-year-old son, respondent Wes Stanek, took the ATV without his father's knowledge and drove it five miles to Bowen Lodge where he was employed as a dock attendant and general laborer. He followed forest trails and never operated the ATV on public roads or ditches. This was the first time the ATV had been brought to Heig's resort. At one point in the morning, Wes drove the ATV down to the docks with Bowen Lodge guest Robert Poppovich as a passenger; however, the ATV was not used for resort business.

Poppovich asked Wes to let him drive the ATV. Wes obtained permission from Heig for driving the ATV around the resort property upon the condition that the vehicle stayed in the cabin area, off the grass and was driven slowly. It has not been ascertained whether Heig knew the intended driver was Poppovich.

Robert Poppovich was large for his age; he was six feet tall and weighed 160 pounds. He started the ATV and drove away in a safe manner. After driving the ATV on the dirt roads around the cabin area for approximately 20 minutes, he accidentally struck a tree root that caused the ATV to shimmy. He reflexively stuck his foot out. His foot caught under the left rear wheel, breaking his leg.

Thereafter, Poppovich's mother, respondent Barbara Schumacher, commenced a personal injury action claiming that Stanek negligently allowed Wes to use the ATV on August 20, 1985. Additional claims, not at issue on this appeal, are that Bowen Lodge,

Heig and Wes negligently allowed Poppovich to operate the ATV.

Marvin Stanek's motion for summary judgment was granted on August 3, 1989. Heig now appeals.

### ISSUE

Do the disclosed and undisputed material facts establish, as a matter of law, that Marvin Stanek is not liable for the injuries sustained by Poppovich?

### ANALYSIS

The trial court granted Stanek's motion for summary judgment. A Rule 56 motion for summary judgment is a proceeding designed to determine whether issues of fact exist, *but not to decide disclosed and disputed issues of material fact.* Minn.R. Civ.P. 56.03. The meaning and purpose of a summary judgment motion and a description of an appellate court's duty in reviewing the trial court's decision is set forth by the Minnesota Supreme Court in the oft-cited case of *Sauter v. Sauter,* 244 Minn. 482, 70 N.W.2d 351 (1955):

> A motion for a summary judgment may be granted pursuant to Rule 56.03 only if, after taking the view of the evidence most favorable to the nonmoving party, the movant has clearly sustained his burden of showing that there is no *genuine issue* as to any *material fact* and that he is entitled to judgment as a matter of law. It is essential to bear in mind that the moving party has the burden of proof and that the nonmoving party has the benefit of that view of the evidence which is most favorable to him. The salutary purpose and useful function of summary judgment proceedings as a means of securing the just, speedy, and inexpensive determination of the action (Rule 1) is well recognized, but resort to summary judgment was never intended to be used as a substitute for a court trial or for a trial by jury where any genuine issue of material fact exists. In other words a summary judgment is proper where there is no issue to be tried but is wholly erroneous where there is a genuine issue to try.

> The controlling words *genuine issue* and *material fact* need no amplification since they best speak for themselves. Their application in determining whether there is an absence of a *genuine issue* as to a *material fact* requires a careful scrutiny of the pleadings, depositions, admissions, and affidavits, if any, on file. Since, however, all factual inferences must be drawn against the movant for summary judgment, it follows that, even where the movant's supporting documents are uncontradicted, they may in themselves be insufficient to sustain his burden of proof.

*Id.* at 484–85, 70 N.W.2d at 353 (emphasis in original) (footnotes omitted). *See also Offerdahl v. University of Minnesota Hospitals & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). Based upon the disclosed and undisputed facts of this case, Marvin Stanek is entitled to summary judgment as a matter of law.

The Safety Responsibility Act holds an owner of a motor vehicle liable for injuries caused by another's operation of the vehicle. Minn.Stat. § 170.54; *Shuck v. Means,* 302 Minn. 93, 96, 226 N.W.2d 285, 287 (1974). The act incorporates the no-fault definition of motor vehicle that refers only to vehicles designed for use primarily on public roads. *See State Automobile & Casualty Underwriters v. Runia,* 363 N.W.2d 818, 820 (Minn.Ct.App.1985); Minn. Stat. § 65B.43, subd. 2 (1984). We agree with the trial court that the Safety Responsibility Act is not applicable to this case because ATVs are not designed for use primarily on public roads and because Stanek's ATV was used solely on private property and forest trails.

This case is governed by the rules governing common law negligence. Minnesota defines negligent entrustment as

> a separate wrongful act when the negligence of the driver is reasonably foreseeable and the entrustor fails in the duty to take steps to prevent operation of the vehicle by the driver.

*Lim v. Interstate System Steel Division, Inc.,* 435 N.W.2d 830, 832 (Minn.Ct.App.

1989), *pet. for rev. denied* (Minn. April 19, 1989).

■ The common law test of duty in these cases is the foreseeability of the injury. *Connolly v. Nicollet Hotel,* 254 Minn. 373, 381, 95 N.W.2d 657, 664 (1959). "Negligence must be predicated upon what one should have anticipated and not merely on what happened." *McDonald v. Fryberger,* 233 Minn. 156, 159, 46 N.W.2d 260, 263 (1951). It is a fundamental rule in tort law that the mere fact that an injury has occurred does not of itself mean that anyone has been negligent. *See* 4 Minnesota Practice, CIV. JIG III, 99 (1986). The possibility of an accident must be clear to the person of ordinary prudence. *Connolly,* 254 Minn. at 381–82, 95 N.W.2d at 664. It is also the rule that ordinary care does not require forethought of extraordinary peril. *McDonald,* 233 Minn. at 160, 46 N.W.2d at 263.

> The duty to exercise care is dictated and measured by the exigencies of the occasion as they are or should be known, and if no harm should be anticipated as a consequence of the act, there can be no negligence.

*Austin v. Metropolitan Life Insurance Co.,* 277 Minn. 214, 217, 152 N.W.2d 136, 138 (1967).

■ To reiterate, summary judgment is not a substitute for a trial on the merits when there exist genuine issues of material fact. Here we find none. There is no evidence to indicate or suggest any knowledge on the part of Marvin Stanek placing a duty on him to reasonably foresee the possibility of injury or peril to anyone. Even if Marvin should have known that Wes took the ATV on the day of the accident, it would not be sufficient to defeat the motion for summary judgment. The parties agree the injury was not a result of a design defect or hidden danger in the ATV itself. The disclosed and undisputed facts establish, as a matter of law, a total lack of foreseeability essential to a finding of causation in a negligent entrustment action.

The trial court additionally found that the act of Heig giving permission to oper-ate the ATV on Bowen Lodge property was a superseding and intervening cause extinguishing any liability of Marvin Stanek. This issue was not raised nor addressed by any party. In our view, the comment by the trial court concerning superseding and intervening cause was unnecessary to the decision and is considered by this court as dicta and should not govern the remaining trial unless the evidence at trial dictates otherwise.

## DECISION

The disclosed and undisputed material facts establish, as a matter of law, that Marvin Stanek is not liable for the injuries sustained by Poppovich. We affirm as to Marvin Stanek and remand for disposition of other issues not involved on this appeal.

Affirmed.