**Sandra Hattenberger NOLAND, Appellant,**

**v.**

**SOO LINE RAILROAD COMPANY, Respondent.**

**No. C6–91–158.**

Court of Appeals of Minnesota.

July 30, 1991.

Review Denied Sept. 13, 1991.

Thomas M. Skare, Newby, Lingren, Newby & Carlson, Ltd., Cloquet, for appellant.

Patrick J. Nugent, Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and FOLEY, and DAVIES, JJ.

## OPINION

FOLEY, Judge.

The trial court granted summary judgment to respondent Soo Line Railroad Company in a negligence action brought by appellant Sandra Hattenberger Noland,

who was injured when she drove her snowmobile off respondent's railroad trestle. We reverse and remand.

## FACTS

Appellant was injured when she drove her snowmobile over the side of a railroad trestle owned by respondent. According to appellant's affidavit and answers to respondent's interrogatories, she was snowmobiling with others on a snowmobile trail after dark on December 26, 1987. Appellant claims she had never been on the trail before. Darkness, blowing snow, and snow kicked up by the other snowmobiles made visibility poor.

Appellant was following another snowmobile on a trail running parallel to the Soo Line tracks. The first snowmobile left the trail and drove onto a trestle to cross a creek. Appellant followed. Appellant claims she did not realize she was on a railroad trestle and thought she was still on the established snowmobile trail because there was packed snow and snowmobile tracks on the trestle. The trestle was not barricaded and contained neither warnings nor "no trespassing" signs.

The first snowmobile stopped on the trestle. When appellant swerved off the trail to pull alongside it, she drove off the edge of the trestle to the frozen creek below and was injured.

Appellant brought this action alleging respondent was negligent in failing to warn of hidden or known dangers, maintain its property and warn trespassers about dangerous conditions on its property. The trial court granted respondent's motion for summary judgment. It concluded respondent owed no duty of care to appellant because she could not show respondent knew the trestle was dangerous to trespassers or had reason to believe that trespassers would not discover it.

## ISSUES

1. Did the trial court err in concluding respondent did not know the trestle was likely to cause death or serious bodily harm to trespassers?

2. Did the trial court err in concluding appellant could not show respondent had reason to believe trespassers would not discover the trestle?

## ANALYSIS

When reviewing an appeal from a summary judgment, we determine whether there are genuine issues of material fact for trial on the merits and whether the trial court erred in applying the law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). This court's duty in reviewing a summary judgment motion is set forth in *Sauter v. Sauter*, 244 Minn. 482, 70 N.W.2d 351 (1955):

> A motion for a summary judgment may be granted pursuant to Rule 56.03 only if, after taking the view of the evidence most favorable to the nonmoving party, the movant has clearly sustained his burden of showing that there is no *genuine issue* as to any *material fact* and that he is entitled to judgment as a matter of law. It is essential to bear in mind that the moving party has the burden of proof and that the nonmoving party has the benefit of that view of evidence most favorable to him. The salutary purpose and useful function of summary judgment proceedings as a means of securing the just, speedy, and inexpensive determination of the action * * * is well recognized, but resort to summary judgment was never intended to be used as a substitute for a court trial or for a trial by jury where any genuine issue of material fact exists. In other words a summary judgment is proper where there is no issue to be tried but is wholly erroneous where there is a genuine issue to try.

*Id.* at 484–85, 70 N.W.2d at 353 (emphasis in original) (footnotes omitted).

1. The parties concede that appellant was a known trespasser injured by an artificial condition on respondent's property. To determine whether a landowner owes a duty of care to a known trespasser injured by an artificial condition, Minnesota has adopted Restatement (Second) of Torts § 335 (1965). *See Hanson v. Bailey*, 249 Minn. 495, 499–500, 83 N.W.2d 252, 257

(1957); *Watters v. Buckbee Mears Co.*, 354 N.W.2d 848, 850 (Minn.App.1984). Restatement (Second) of Torts § 335 states:

A possessor of land who knows, or from facts within his knowledge should know, that trespassers constantly intrude upon a limited area of the land, is subject to liability for bodily harm caused to them by an artificial condition on the land, if
(a) the condition
(i) is one which the possessor has created or maintains and
(ii) is, to his knowledge, likely to cause death or serious bodily harm to such trespassers and
(iii) is of such a nature that he has reason to believe that such trespassers will not discover it, and
(b) the possessor has failed to exercise reasonable care to warn such trespassers of the condition and the risk involved.

The Minnesota jury instruction for liability of landowners to known trespassers is modeled on the Second Restatement. Jury Instruction Guide 326 provides:

If * * * a possessor of land knows or from facts known has reason to know that trespassers regularly use certain portions of the premises and if the possessor (creates) (maintains) an artificial condition on the premises which the possessor knows is likely to cause death or serious bodily harm, and which is such that the possessor has reason to believe that trespassers would not discover it, then the possessor has a duty to use reasonable care to warn a trespasser of the danger or risk involved, unless the trespasser is already aware, or from facts the trespasser knew should have been aware, of the condition of the premises and the risk involved.

4 Minnesota Practice, CIV. JIG III 326 (1986).

■ A plaintiff is not required to show a landowner had actual knowledge that an artificial condition was dangerous to satisfy the requirement that the landowner knew the condition was likely to cause death or serious bodily harm. A plaintiff need only show that the landowner realized or should have realized the potential dan-ger. Restatement (Second) of Torts § 335, comment d (1965). Likewise, it is not necessary to prove the landowner anticipated the exact nature of the particular accident that occurred. *See Ponticas v. K.M.S. Investments*, 331 N.W.2d 907, 915 (Minn. 1983) (defendant held liable for negligence even if he could not have anticipated the particular injury that did happen).

■ Here, the trestle was suspended above a creek. Respondent knew the trestle was used by trespassers. Respondent should have known the trestle was at least potentially dangerous.

Respondent argues, based on *Olmscheid v. Paterson*, 440 N.W.2d 124 (Minn.App. 1989) *pet. for rev. denied* (Minn. July 12, 1989), a railroad has no affirmative duty to make safe a railroad trestle. In *Olmscheid*, however, this court held a railroad had no affirmative duty to make safe a railroad trestle that created a visual obstruction at a traffic intersection. *Id.* at 129–30.

*Olmscheid* differs from the instant case in at least one important aspect. In *Olmscheid*, the court observed the municipality was "the body charged with maintaining traffic control" in the trestle's location. *Id.* at 129. Thus, the railroad was only required to make changes suggested by the municipality. *Id.* In essence, the railroad owed no duty of care to motorists; that duty was charged to the municipality.

Here, if a duty of care exists, it rests solely with the railroad. A public body is not charged with ensuring safe traffic flow in the railroad trestle location.

2. Under the Restatement, appellant must show the trestle was so concealed respondent had reason to believe trespassers would not discover it. A landowner may assume a trespasser will "be on the alert to observe the conditions which exist on the land." Restatement (Second) of Torts § 335, comment f (1965). The landowner

is not entitled to assume that the trespassers will discover conditions which are unusual to the land of the character upon which the trespasser intrudes * * *

if the conditions are not readily observable by the attention which the trespasser should pay to his surroundings. *Id.* However, if a trespasser is aware or should be aware of the artificial condition, the landowner owes no duty to the trespasser. *Watters,* 354 N.W.2d at 851.

█ Here, there is no evidence appellant was aware she was on a railroad right-of-way. Moreover, appellant claimed she had not snowmobiled in the area before and was not aware she was on a trestle at the time of the accident.

Although there is no evidence appellant was aware she was on a trestle or on a railroad right-of-way, summary judgment would nevertheless be appropriate if appellant produced no evidence the trestle was concealed so that an alert trespasser would not readily observe it. *See* Section 335, comment f. Appellant claimed the trestle was covered with snow. She also claimed visibility was reduced by darkness and blowing snow. These conditions may have obscured the trestle enough to make it difficult for even an attentive snowmobiler to discover. Appellant raises a fact question about whether the trestle was so concealed respondent had reason to believe trespassers would not discover it. Given this unresolved fact issue, it was inappropriate for the trial court to grant summary judgment.

Respondent contends appellant should have known she was on a railroad right-of-way and thus respondent owes her no duty. Respondent argues that this case is similar to *Watters,* where this court ruled that because the plaintiffs were aware of a dangerous condition on the defendant's property, the defendant owed them no duty. In *Watters,* the plaintiffs were injured while "four-wheeling" on land with excavation holes and large dirt hills. *Id.* at 851. They were aware of the artificial conditions and had driven in the area before. *Id.* This court affirmed the trial court's summary judgment for the defendant, concluding that because the plaintiffs were aware of the risks involved in driving in such a dangerous area, the defendant owed them no duty of care. *Id.*

Here, there is no evidence appellant knew she was on a railroad trestle or on a railroad right-of-way. Appellant claimed she had not been in the area before. Under these facts, it cannot be said conclusively appellant knew of the risks involved in snowmobiling in the area containing the trestle.

Appellant raises a genuine issue of fact about whether respondent failed to exercise reasonable care to warn trespassers about the trestle. Appellant claimed the trestle contained neither warnings nor "no trespassing" signs. She alleges that the trestle was not barricaded. These allegations raise a fact question about whether respondent exercised reasonable care.

## DECISION

The trial court erred in determining respondent did not know the trestle was likely to cause death or serious bodily harm to trespassers. Whether the trestle was so concealed respondent had reason to believe trespassers would not discover it is a material fact issue. If respondent had a duty to warn, there is a material issue of fact as to whether respondent exercised reasonable care to warn trespassers about the trestle. We reverse and remand for trial on the merits.

Reversed and remanded.