CITY OF ALPENA v ALPENA FIRE FIGHTERS ASSOCIATION, AFL-CIO

1. Arbitration and Award—Municipal Corporations—Firefighters—Judicial Review—Scope—Statutes.

Judicial review of orders of an arbitration panel, in a dispute between a city and its firefighters union, is not available unless (1) the arbitration panel was without or exceeded its jurisdiction; (2) the order is unsupported by competent, material and substantial evidence on the whole record; or (3) the order was procured by fraud, collusion or other similar and unlawful means (MCLA 423.242).

2. Arbitration and Award—Judicial Review—Scope—Constitutional Law.

Appellate review of an order of an arbitration panel is available, even though the scope of review is limited by statute, where the errors alleged are of constitutional magnitude.

3. Arbitration and Award—Municipal Corporations—Firefighters—Criteria for Orders—Statutes.

An arbitration panel, when making an order concerning manpower in a dispute between a city and its firefighters, complied with a statute which provides several criteria to be considered by a panel where the only evidence offered on the question of manpower concerned the city's present practices; the statute does not require that a panel consider all of the factors listed therein, and a panel cannot be expected to base a decision on a factor upon which no evidence has been presented (MCLA 423.239).

4. Arbitration and Award—Municipal Corporations—Firefighters—Finding of Fact—Sufficiency—Statutes.

An arbitration panel's finding in a dispute between a city and its firefighters union that the manpower status quo constituted eight-man shifts when no one is on vacation and seven-man

REFERENCES FOR POINTS IN HEADNOTES
[1–7] 5 Am Jur 2d, Arbitration and Award §§ 68, 145.
  56 Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions §§ 115, 133.

shifts when one is on vacation is a sufficient finding of fact on the question of manpower to satisfy the statutory requirement that a panel make written findings of fact (MCLA 423.238).

5. ARBITRATION AND AWARD—ARBITRATION PANEL—PROCEEDINGS—RECORD—TAPE RECORDINGS—SUFFICIENCY—STATUTES.

A transcription of tape recordings of an arbitration panel's proceedings which is comprehensible and substantially complete, made where a court reporter was not available and plaintiff did not object to the method of recording and does not claim to have been prejudiced thereby, satisfies a statutory requirement that a panel make a verbatim record of its proceedings (MCLA 423.236).

6. ARBITRATION AND AWARD—MUNICIPAL CORPORATIONS—MANPOWER ORDER—SUPPORT FOR ORDER—TESTIMONY.

Testimony at an arbitration proceeding by a union representative as to present manpower practices and the union's proposal for change, was sufficient to support the arbitration panel's order rejecting the union proposal and continuing the manpower status quo where the city did not respond to the union position (MCLA 423.242).

7. ARBITRATION AND AWARD—MUNICIPAL CORPORATIONS—FIREFIGHTERS—STATUTES—PUBLIC EMPLOYMENT RELATIONS ACT—SUBJECTS OF BARGAINING—ARBITRATION PANEL—JURISDICTION—SAFETY PRACTICES—CONDITIONS OF EMPLOYMENT.

The act which provides for compulsory arbitration of disputes between firemen and policemen, and their employers, is supplementary to the public employment relations act, under which wages, hours, and other terms and conditions of employment are mandatory subjects of bargaining; therefore, an arbitration order concerning the manpower status of a fire department is within the jurisdiction of an arbitration panel because the number of firemen on duty affects the safety of the firemen and a safety practice is a condition of employment (MCLA 423.215, 423.244).

Appeal from Alpena, Philip J. Glennie, J. Submitted Division 3 October 9, 1974, at Grand Rapids. (Docket No. 16692.) Decided November 25, 1974.

Petition in circuit court by the City of Alpena for review of an arbitration award issued in arbi-

tration proceedings between the City of Alpena and the Alpena Fire Fighters Association, AFL-CIO, Local 623 of the International Association of Fire Fighters. Award affirmed. Plaintiff appeals. Affirmed.

*Robert R. Ferguson,* for plaintiff.

*Jason, Kowalski & Pugh,* for defendant.

Before: ALLEN, P. J., and J. H. GILLIS and MC-GREGOR, JJ.

J. H. GILLIS, J. Plaintiff appeals as of right from a February 27, 1973 circuit court judgment affirming an order of a collective bargaining arbitration panel.

Contract negotiations between the City of Alpena and Local 623 of the International Association of Fire Fighters reached an impasse in June of 1971, and arbitration proceedings were begun under the compulsory arbitration of labor disputes in municipal police and fire departments act, MCLA 423.231, *et seq.;* MSA 17.455(31), *et seq.* On December 23, 1971, an order and award were entered by the arbitration panel,[1] the city delegate dissenting.

The only portion of the order challenged on appeal is the "manpower" award which specifies:

"That the manpower status quo shall continue (eight man shifts when no one is on vacation and seven man shifts when one is on vacation)."

Plaintiff contends we must reverse the "man-

---

[1] The statute provides for a three-person panel: one delegate chosen by the employer, one delegate chosen by the employee, and an impartial arbitrator selected by the two delegates. MCLA 423.234–235; MSA 17.455(34)–(35).

power" award because the panel did not comply with certain statutory procedures. Specifically, the city claims the panel failed to (1) make findings of fact as required by MCLA 423.238; MSA 17.455(38); (2) base its decision on the criteria set out in MCLA 423.239; MSA 17.455(39); (3) make a verbatim record of the proceedings as required by MCLA 423.236; MSA 17.455(36); and (4) deliberate as a panel as contemplated by the entire act.

First, we must answer the threshold question: Are these alleged statutory violations subject to judicial review? With regard to the scope of review, MCLA 423.242; MSA 17.455(42), provides:

"Orders of the arbitration panel shall be reviewable by the circuit court for the county in which the dispute arose or in which a majority of the affected employees reside, but only for reasons that [1] the arbitration panel was without or exceeded its jurisdiction; [2] the order is unsupported by competent, material and substantial evidence on the whole record; or [3] the order was procured by fraud, collusion or other similar and unlawful means. The pendency of such proceeding for review shall not automatically stay the order of the arbitration panel."

We do not think that the errors alleged by the city come within any of the three statutorily defined grounds for review. Of course, a claimed procedural violation may, under certain circumstances, be reviewable under MCLA 423.242; MSA 17.455(42). If a party were to allege that an arbitration panel's failure to follow statutory requirements was the product of fraud or collusion, then the allegation would be reviewable under this section. But, plaintiff has made no such allegation here.

Our conclusion that plaintiff's claimed errors are not reviewable under MCLA 423.242; MSA

17.455(42), does not necessarily mean they are beyond appellate scrutiny. Where the errors alleged are of constitutional magnitude, the allegations are reviewable. See *Crowell v Benson,* 285 US 22; 52 S Ct 285; 76 L Ed 598 (1932); *Dation v Ford Motor Co,* 314 Mich 152; 22 NW2d 252 (1946); *Michigan Bell Telephone Co v Michigan Public Service Commission,* 332 Mich 7; 50 NW2d 826 (1952); *Carter Oil Co v State,* 205 Okla 541; 240 P2d 787 (1951).

Due process of law requires that the arbitration panel make a record which is capable of being reviewed by the courts. If the evidence on which the panel bases its order is unascertainable, then a party's right of appeal is effectively denied. *Cf. Dation v Ford Motor Co, supra; Hunter v Zenith Dredge Co,* 220 Minn 318; 19 NW2d 795 (1945). By claiming that the panel did not make findings of fact, did not base its decision on the statutory criteria, and did not make a verbatim record of the proceedings, plaintiff is contending that it was denied due process of law because the panel failed to make a record capable of meaningful appellate review.[2] Therefore, we will review these three allegations of error.

Plaintiff claims the panel erred because it did not base its order on criteria of MCLA 423.239; MSA 17.455(39), which provides in pertinent part:

"[T]he arbitration panel shall base its findings, opinions and order upon the following factors, *as applicable:*
"(a) The lawful authority of the employer.
"(b) Stipulations of the parties.
"(c) The interests and welfare of the public and the

---

[2] Plaintiff's allegation that the panel did not deliberate as a panel is not an allegation of constitutional error, and, therefore, is not reviewable.

financial ability of the unit of government to meet those costs.

"(d) Comparison of the wages, hours and conditions of employment of the employees involved in the arbitration proceeding with the wages, hours and conditions of employment of other employees performing similar services and with other employees generally:

"(i) In public employment in comparable communities.

"(ii) In private employment in comparable communities.

"(e) The average consumer prices for goods and services, commonly known as the cost of living.

"(f) The overall compensation presently received by the employees, including direct wage compensation, vacations, holidays and other excused time, insurance and pensions, medical and hospitalization benefits, the continuity and stability of employment, and all other benefits received.

"(g) Changes in any of the foregoing circumstances during the pendency of the arbitration proceedings.

"(h) *Such other factors,* not confined to the foregoing, *which are normally or traditionally taken into consideration in the determination of wages, hours and conditions of employment* through voluntary collective bargaining, mediation, fact-finding, arbitration or otherwise between the parties, in the public service or in private employment." (Emphasis supplied.)

On the manpower question, the only evidence offered concerned the present practices in Alpena. We think present practices are a factor "normally or traditionally taken into consideration [criterion (h)]". The statute does not require that the panel consider each factor; if no evidence is presented upon a particular factor, the panel can't be expected to base its decision on it. We find that the panel complied with MCLA 423.239; MSA 17.455(39).

Plaintiff's second allegation of error is that the panel failed to make "written findings of fact".

MCLA 423.238; MSA 17.455(38). The panel found that the "manpower status quo" constituted "eight man shifts when no one is on vacation and seven man shifts when one is on vacation". This is a sufficient finding of fact.

The third error claimed by the city is the panel's failure to make a "verbatim record of the proceedings". MCLA 423.236; MSA 17.455(36). At the outset the arbitrator told the parties that since Alpena's only court reporter was out of town, he would tape record the proceedings. From the tapes, a transcript was made. We take judicial notice of the fact that tape transcription is a process replete with difficulty. While there are no "expletives deleted" in this transcript, there are many sections labeled "inaudible". However, plaintiff did not object to this means of recording, nor does it claim to have been prejudiced thereby. Moreover, we have examined that portion of the transcript dealing with manpower, and, while there are a few small gaps, it is comprehensible and substantially complete.

We conclude that plaintiff's allegations of statutory violations are without merit; plaintiff has not been denied due process of law.

Next, plaintiff claims that the manpower award is not supported "by competent, material and substantial evidence on the whole record". MCLA 423.242; MSA 17.455(42). We disagree. The only testimony on this point was that of the union representative, one of the firemen. He testified as to present practices and as to the union's proposal for a slight manpower increase. The city did not respond to the union position. Nevertheless, the panel rejected the union proposal and ordered that the "manpower status quo be continued". There was sufficient evidence to support this order.

Lastly, plaintiff contends that the panel did not

have jurisdiction to make the manpower award. An arbitration panel has jurisdiction over labor "disputes" between firemen and policemen, and their employers. MCLA 423.231; MSA 17.455(31). MCLA 423.244; MSA 17.455(44), makes the compulsory arbitration act supplementary to the public employment relations act, MCLA 423.201 *et seq.;* MSA 17.455(1) *et seq.* Under § 15 of that act, MCLA 423.215; MSA 17.455(15), "wages, hours, and other terms and conditions of employment" are made mandatory subjects of bargaining. See *Detroit Police Officers Association v Detroit,* 391 Mich 44; 214 NW2d 803 (1974). MCLA 423.239(h); MSA 17.455(39)(h), also refers to "wages, hours, and conditions of employment". Therefore, we conclude that the jurisdiction of an arbitration panel extends, at a minimum, to "disputes" concerning "wages, hours, and conditions of employment".

The union representative testified that the number of firemen on duty affected not only the public safety, but also the firemen's safety. This position was supported by extensive testimony concerning fire fighting practices and procedures. A safety practice is a condition of employment. *NLRB v Gulf Power Co,* 384 F2d 822 (CA 5, 1967); *NLRB v Miller Brewing Co,* 408 F2d 12 (CA 9, 1969); *Fibreboard Paper Products Corp v NLRB,* 379 US 203; 85 S Ct 398; 13 L Ed 2d 233 (1964), Mr. Justice Stewart concurring; see Annotation, *Subjects of mandatory collective bargaining under Federal Labor Relations Act,* 12 ALR2d 265. We hold, therefore, that the manpower award was within the subject matter and jurisdiction of the arbitration panel.

We affirm the circuit court judgment. No costs, a public question being involved.

All concurred.