CITY OF HILLSDALE v MICHIGAN STATE FIRE FIGHTERS
UNION LOCAL 961

Docket No. 90034. Submitted December 10, 1986, at Lansing. Decided
December 7, 1987.

Up until March of 1983, the City of Hillsdale employed six fire
fighters. One retired in March, 1983, and the city decided not to
replace him. The Michigan State Fire Fighters Union Local
961, the collective bargaining representative of the fire fighters,
sought to restore the personnel level to six members. The
matter was taken to arbitration pursuant to statute. The
arbitration panel ordered restoration of the pre-March, 1983,
personnel level. The Hillsdale Circuit Court vacated the arbi-
tration award, finding that the arbitration panel's decision was
not supported by competent, material, and substantial evi-
dence, Harvey W. Moes, J. The union appealed.

The Court of Appeals *held:*

There was competent, material, and substantial evidence
relating to each factor which, by statute, must be considered in
rendering a decision in an arbitration proceeding dealing with
labor disputes in municipal police and fire departments. The
circuit court's conclusion that data offered in support of the
union's position lacked evidentiary value and its vacation of the
arbitration award were error. The circuit court's decision is
reversed and the matter is remanded to that court for a
determination of the relief, if any, to which the union is
entitled.

Reversed and remanded.

REFERENCES

Am Jur 2d, Arbitration and Award § 145.

Am Jur 2d, Labor and Labor Relations §§ 1861 *et seq.*

Rights of state and municipal pubilc employees in grievance pro-
ceedings. 46 ALR4th 912.

Validity and construction of statutes or ordinances providing for
arbitration of labor disputes involving public employees. 68
ALR3d 885.

Matters arbitrable under arbitration provisions of collective labor
contract. 24 ALR2d 752.

1. LABOR RELATIONS — ARBITRATION — POLICE AND FIREMEN —
    NUMBER OF FIREMEN ON DUTY.

    A manpower award is within the subject matter and jurisdiction
    of an arbitration panel considering labor disputes in municipal
    police and fire departments where there is support for the
    position that the number of firemen on duty affects the fire-
    men's safety (MCL 423.231 *et seq.*; MSA 17.455[31] *et seq.*).

2. LABOR RELATIONS — ARBITRATION — POLICE AND FIREMEN —
    EVIDENCE.

    Competent, material, and substantial evidence must be adduced
    with respect to each applicable factor set forth in the statute
    providing for compulsory arbitration of labor disputes in mu-
    nicipal police and fire departments in rendering decisions on
    the disputes; the rendering of a decision where a party has
    failed to submit evidence on an applicable factor requires that
    a reviewing court remand the matter to the arbitration panel
    for the taking of further proofs (MCL 423.239; MSA 17.455[39]).

3. LABOR RELATIONS — ARBITRATION — POLICE AND FIREMEN —
    EVIDENCE — STIPULATIONS.

    The acceptance at arbitration proceedings of an opposing party's
    statements as true on the record and the indication that it was
    not necessary for that party to submit proofs amounted to a
    stipulation as to the evidentiary support for the opposing
    party's viewpoint for purposes of the statute providing for
    compulsory arbitration of labor disputes in municipal police
    and fire departments; a reviewing court's finding thereafter
    that the data thus stipulated to lacked evidentiary value was
    error (MCL 423.239[b]; MSA 17.455[39][b]).

*Loren & Shirk* (by *Lewis I. Loren*), for plaintiff.

*George J. Brannick,* for defendant.

Before: MACKENZIE, P.J., and ALLEN and M. J.
SHAMO,* JJ.

M. J. SHAMO, J. Michigan State Fire Fighters
Union Local 961, the collective bargaining repre-
sentative of the fire fighters employed by the City
of Hillsdale, appeals from an order of the circuit

---

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

court vacating the minimum manning provision of an arbitration award. We reverse.

The bargaining unit which the union represents consisted of four fire fighters and one assistant chief at the time of negotiations over the terms of the parties' collective bargaining agreement. Prior to the retirement of a fire fighter in March of 1983, the bargaining unit had six members. The city accomplished a reduction in fire fighting personnel by not filling the vacancy created by the retirement, and the union sought to restore the personnel level to six members during arbitration conducted pursuant to 1969 PA 312 (Act 312), MCL 423.231 *et seq.*; MSA 17.455(31) *et seq.*

The arbitration panel ordered restoration of the pre-March, 1983, personnel level. Judicial review was sought in the circuit court, which ruled that the arbitral decision was not supported by competent, material, and substantial evidence.

Initially, we note that judicial review of an Act 312 arbitration decision is circumscribed by statute. In the instant case, the only plausible attack on the arbitration proceeding is that the resultant order was "unsupported by competent, material and substantial evidence on the whole record." MCL 423.242; MSA 17.455(42). We may not reassess the wisdom of the arbitration panel or review the record de novo. *Detroit v Detroit Police Officers Ass'n,* 408 Mich 410, 480; 294 NW2d 68 (1980), app dis 450 US 903; 101 S Ct 1337; 67 L Ed 2d 326 (1981); *Hamtramck v Hamtramck Firefighters Ass'n,* 128 Mich App 457, 462-467; 340 NW2d 657 (1983), lv den 419 Mich 871 (1984).

A manpower award is within the subject matter and jurisdiction of an Act 312 arbitration panel where there is support for the position that the number of firemen on duty affects the firemen's safety. *City of Alpena v Alpena Fire Fighters*

*Ass'n, AFL-CIO,* 56 Mich App 568, 575; 224 NW2d 672 (1974), lv den 394 Mich 761 (1975), overruled in part on other grounds in *Detroit Police Officers Ass'n, supra,* p 483, n 65. See also *City of Sault Ste Marie v Fraternal Order of Police Labor Council, State Lodge of Michigan,* 163 Mich App 350; 414 NW2d 168 (1987). In this appeal, the parties do not dispute that the minimum manning question was arbitrable. Compare *Sault Ste Marie, supra.*

In *Detroit Police Officers Ass'n,* our Supreme Court discussed § 9 of Act 312, MCL 423.239; MSA 17.455(39), which provides the factors underlying the arbitral decision. The Court held that competent, material, and substantial evidence must be adduced with respect to each applicable factor and that the failure of the parties to submit evidence on an applicable factor would require remand for further proofs. *Detroit Police Officers Ass'n, supra,* 481-483, n 65; 496-498, n 71. However, the panel need not assign equal weight to each factor; it is merely required to consider those factors that are applicable. *Id.,* 484. Accordingly, it is our task to review the arbitration record with the § 9 factors in mind.

Section 9 provides:

> Where there is no agreement between the parties, or where there is an agreement but the parties have begun negotiations or discussions looking to a new agreement or amendment of the existing agreement, and wage rates or other conditions of employment under the proposed new or amended agreement are in dispute, the arbitration panel shall base its findings, opinions and order upon the following factors, as applicable:
> (a) The lawful authority of the employer.
> (b) Stipulations of the parties.
> (c) The interests and welfare of the public and the financial ability of the unit of government to meet those costs.

(d) Comparison of the wages, hours and conditions of employment of the employees involved in the arbitration proceeding with the wages, hours and conditions of employment of other employees performing similar services and with other employees generally:

(i) In public employment in comparable communities.

(ii) In private employment in comparable communities.

(e) The average consumer prices for goods and services, commonly known as the cost of living.

(f) The overall compensation presently received by the employees, including direct wage compensation, vacations, holidays and other excused time, insurance and pensions, medical and hospitalization benefits, the continuity and stability of employment, and all other benefits received.

(g) Changes in any of the foregoing circumstances during the pendency of the arbitration proceedings.

(h) Such other factors, not confined to the foregoing, which are normally or traditionally taken into consideration in the determination of wages, hours and conditions of employment through voluntary collective bargaining, mediation, fact-finding, arbitration or otherwise between the parties, in the public service or in private employment.

We conclude that there was competent, material, and substantial evidence relating to each factor. We briefly summarize that evidence. Factor (a)—it was not disputed that the city had legal authority to employ an additional fire fighter, as it had done prior to March of 1983. Factor (b)—the facts that the union relied upon were accepted pursuant to the city's stipulation. Factor (c)—there was evidence that an additional employee would enhance public safety. The financial state of the city was explored at length. Factor (d)—the union represented that a smaller community had ac-

cepted a similar minimum manning requirement.
Factors (e) and (f)—these factors were addressed
during that part of the arbitration proceedings
designated for proofs on the disputed issue of a
wage increase. Factor (g)—since there was no evi-
dence of any change in circumstances, this factor
is not applicable. Factor (h)—the union substanti-
ated that a minimum manning provision was nec-
essary to enhance the safety of procedures used in
fire fighting.

The circuit court's conclusion that the arbitral
decision lacked evidentiary support was premised
upon its view that the union's proofs directed
toward the minimum manning issue were deficient
from an evidentiary standpoint. The union's attor-
ney at the arbitration proceeding recited the data
in support of the union's position, characterizing
his recitation as an "offer of proof." Obviously, this
procedure would be wholly deficient in a court of
general jurisdiction. We need not decide whether
the arbitration panel's decision to admit this reci-
tation as evidence was an abuse of its expansive
discretion under MCL 423.328; MSA 17.455(38), see
*Detroit Police Officers Ass'n, supra,* 494, because
the city's attorney accepted these statements as
true on the record and indicated that it was not
necessary for the union to submit proofs. This
amounted to a stipulation. See MCL 423.239(b);
MSA 17.445(39)(b). The circuit court's conclusion
that this data lacked evidentiary value and its
vacation of the arbitration award were error.

We do not decide what relief is appropriate to
enforce the arbitration award. There is no record
of the circumstances since the arbitration hearing,
although the city advises in its brief that the
collective bargaining agreement giving rise to the

arbitration has already expired. We remand to the circuit court for a determination of the relief, if any, to which the union is entitled.

Reversed and remanded.