**CITY OF WEST ST. PAUL, Appellant,**

v.

**LAW ENFORCEMENT LABOR SERVICES, INC., Respondent.**

No. CX–90–1349.

Court of Appeals of Minnesota.

Feb. 19, 1991.

Review Granted April 29, 1991.

Arnold E. Kempe, West St. Paul, for appellant.

MaryLee A. Abrams, Bloomington, for respondent.

Considered and decided by FOLEY, and NORTON and SHORT, JJ.

## OPINION

NORTON, Judge.

The City of West St. Paul appeals from an entry of summary judgment against it on the ground that the implementation of its ride-along policy[1] is subject to mandatory bargaining. We affirm.

## FACTS

Appellant City of West St. Paul (City) is a public employer under the Public Employment Labor Relations Act (PELRA). Minn. Stat. § 179A.03, subd. 15 (1988). Respondent Law Enforcement Labor Services (LELS) is the certified exclusive bargaining representative for police officers employed by City.

LELS and City negotiated a labor contract for City's police officers. They resolved all issues except for the provision relating to City's ride-along policy. The disputed provision provides that:

> no one but licensed full time Police Officers will accompany Patrol Officers without the express written agreement of the officer, all other jurisdictional issues aside.

In district court, City sought a declaratory judgment that the ride-along provision is not subject to mandatory bargaining and arbitration. Both parties filed cross motions for summary judgment.

The trial court granted LELS' motion for summary judgment. The court found that there are no issues of material fact. The court concluded that the decision to have a ride-along policy is managerial and not subject to mandatory bargaining. However, the implementation of the policy affects the terms and conditions of the police officers' employment and is subject to mandatory bargaining and arbitration. The trial court found that the establishment of the ride-along policy and its implementation were not so intrinsically intertwined as to preclude negotiation.

## ISSUES

1. Does implementation of City's ride-along policy affect the terms and conditions of the police officers' employment and, therefore, subject it to mandatory bargaining?

2. Is the ride-along policy's effect on the police officers' safety an issue of material fact precluding summary judgment?

## ANALYSIS

On appeal from a summary judgment, the reviewing court determines whether there are any issues of material fact and whether the trial court erred in its application of law. *Hubred v. Control Data*

---

1. City maintains a ride-along policy as part of a community college internship program. Part of the program includes the assignment of student interns to ride-along in squad cars. City also trains certain of its personnel through a ride-along experience. Finally, City has a ten-year-old ride-along program with the Boy Scouts of America Law Enforcement Explorer Group which includes young men and women, ages fifteen to twenty-one who ride-along in squad cars.

*Corp.*, 442 N.W.2d 308, 310 (Minn.1989). The reviewing court must take a view of the evidence most favorable to the party against whom the motion was granted. *Hamilton v. Independent School Dist. No. 114*, 355 N.W.2d 182, 184 (Minn.App.1984).

## I.

■ Whether implementation of City's ride-along policy affects the terms and conditions of its police officers' employment and subjects it to mandatory bargaining under PELRA is a question of law. The reviewing court is not bound by the decision of the trial court. *A.J. Chromy Constr. Co. v. Commercial Mechanical Serv.*, 260 N.W.2d 579, 582 (Minn.1977).

Public employers are not required to negotiate with employees on matters of inherent managerial policy. Minn.Stat. § 179A.07, subd. 1 (1988). Public employers are required to negotiate with their employees about the terms and conditions of their employment. *Id.*, subd. 2. PELRA defines terms and conditions of employment to include "the employer's personnel policies affecting the working conditions of the employees." Minn.Stat. § 179A.03, subd. 19 (1988).

The purpose of PELRA is to promote the resolution of labor disputes through negotiation. *International Bhd. of Teamsters v. City of Minneapolis*, 225 N.W.2d 254, 257 (Minn.1975). The areas of mandatory bargaining are broadly construed so as to meet the purpose of PELRA. *Id.*

■ A two-part test determines whether implementation of an employer policy is subject to mandatory bargaining. First, the court determines whether the employer's managerial decision has an impact on the terms and conditions of employment. If there is an impact, the court next determines whether the establishment of the policy is "distinct and separable from its implementation." *Law Enforcement Labor Serv. v. County of Hennepin*, 449 N.W.2d 725, 727–28 (Minn.1990). There is no requirement to negotiate where the policy decision is "intrinsically interwoven" with the implementation so that the negotiation of the implementation would in effect be negotiating the underlying policy decision. *Id.* at 727.

If safety affects the working conditions of the police officers, then the ride-along policy affects terms and conditions of their employment. *See County of Hennepin*, 449 N.W.2d at 728. Minnesota courts have not addressed whether safety is a term and condition of the employment of police officers, but other jurisdictions have discussed this issue.

In *City of Alpena v. Alpena Firefighters Ass'n*, 56 Mich.App. 568, 224 N.W.2d 672 (1974), (*overruled in part on other grounds, City of Detroit v. Detroit Police Officers Ass'n*, 408 Mich. 410, 294 N.W.2d 68 (1980)), the arbitration board considered fire department manpower decisions. The firefighters argued that the number of firefighters on duty affected the safety of the firefighters and the public. *Id.* at 575, 224 N.W.2d at 676. The Michigan statute required that wages, hours, and other terms and conditions of employment be subject to mandatory bargaining. *Id.* (citing Mich. Comp.Laws Ann. § 423.215). Because safety was a condition of employment, the court held that manpower decisions that affect safety were subject to mandatory bargaining. *Id.; N.L.R.B. v. Gulf Power Co.*, 384 F.2d 822, 825 (1967); *City of Sault Ste. Marie v. Fraternal Order of Police Labor Council*, 163 Mich.App. 350, 355, 414 N.W.2d 168, 170 (1987).

In this case, police officers expressed various safety concerns which have arisen as a result of the ride-along policy. The officers contend that these incidents have affected the safety not only of the police officers but also the public.

The officers described situations where explorer scouts acted without officers' authority. One officer stated that his normal conduct in the course of his duties changes with the presence of a ride-along explorer scout. The ride-along policy changes the officers' duties from patrolling the city to also supervising an explorer scout. The conditions of the officers' employment have been affected and changed. Therefore, the implementation of the ride-along policy is

subject to mandatory bargaining if its establishment is separate and distinct from its implementation.

Recently, this court found that the implementation of a police physical examination policy affects terms and conditions of the officers' employment and is not so intrinsically intertwined with the policy decision that it is not negotiable. *See Law Enforcement Labor Serv. v. City of Luverne*, 463 N.W.2d 546 (Minn.App.1990), *pet. for rev. denied* (Minn. Feb. 20, 1991). In *City of Luverne*, this court drew a distinction between the subjective nature of the police officer grooming policy not subject to negotiation in *County of Hennepin* and the objective nature of the physical examination policy. *Id.* at 549. This court noted that the determination that an officer's nail polish is gaudy or pretentious is subject to individual taste, and that these subjective concerns are directly reflective of the department grooming policy. *Id.* Further, the court noted that negotiating the subjective implementation of the grooming policy would be tantamount to negotiating the establishment of the policy itself. *Id.* Unlike negotiations involving implementation of the grooming policy, this court determined that negotiation of such implementation issues as whether second opinions are authorized and who bears the cost does not undermine the policy requiring a physical examination. *Id.* at 549–50.

Implementation of the ride-along policy has an objective nature similar to the implementation of the physical examination policy in *City of Luverne*. Negotiation of implementation aspects of the ride-along policy, such as work shifts that riders may select to accompany police officers and guidelines for emergency situations do not undermine the ride-along policy. Thus, certain aspects of the implementation of the ride-along policy which directly affect terms and conditions of the police officers' employment are severable from the managerial decision to have a ride-along policy and are subject to negotiation. *See St. Paul Firefighters, Local 21 v. City of St. Paul*, 336 N.W.2d 301, 303 (Minn.1983).

## II.

■ When reviewing an appeal from a summary judgment, the court determines whether there are any genuine issues of material fact. *Hubred*, 442 N.W.2d at 310 (citation omitted). A fact is material if its resolution will affect the result or outcome of a case. *Pischke v. Kellen*, 384 N.W.2d 201, 205 (Minn.App.1986).

Appellant argues that there is a genuine issue of material fact regarding the police officers' safety concerns arising from the ride-along policy. Whether safety concerns are a material fact is dependent on the law applicable to this case. *See Illinois Farmers Ins. Co. v. Tapemark Co.*, 273 N.W.2d 630, 634 (Minn.1978).

The primary issue is whether the police officers' safety, as a term and condition of employment, is affected at all by the ride-along policy. City seems to be arguing only that the safety of the police officers is not affected negatively by the ride-along policy. The police chief states that the presence of the explorer scouts at times could have helped the police officers and that there is no indication that any officer's safety was in jeopardy. City, thereby, is agreeing that safety is affected by the ride-along policy. The disagreement between City and LELS is only whether safety is affected in a positive or negative manner by the ride-along policy.

The issue between City and LELS is how safety is affected by the policy. Thus, there is no genuine issue of material fact whether safety is affected by the ride-along policy.

A summary judgment is granted if reasonable persons would not draw different conclusions from the evidence presented. *Id.* at 633. Based upon the facts of this case, a reasonable person would find that the police officers' safety is affected by the ride-along policy.

■ Finally, City argues that the trial court went beyond the requested relief by considering safety concerns. City believes that the trial court should have considered only the specific language in the provision suggested by LELS.

The trial court properly looked to safety concerns of the police officers as a term and condition of their employment subject to mandatory bargaining and arbitration. The trial court did not have to determine if the provision itself intrudes on the managerial policy to have a ride-along program. LELS' proposed provision is subject to arbitration and is not the subject matter of this opinion.

## DECISION

City is required to negotiate the implementation of its ride-along policy under Minn.Stat. § 179A.07, subd. 2 because safety, as a term and condition of the police officers' employment, is affected by the ride-along policy and the managerial policy establishing the ride-along program is not intrinsically intertwined with its implementation.

Affirmed.